No. 29.—GEORGE BRITT, plaintiff in error, vs. SAMUEL HAYS, defendant in error.

*If A employs B to work for him, by the year, at stipulated wages, and the contract is broken by A, B has one of three remedies, namely, to wait till the expiration of the time and sue for the whole amount, bring a* quantum meruit *for the time he worked, or bring his action, at once, for damages for a breach of the contract.*

*Complaint on account,* in Sumter Superior Court. Tried before ALLEN, Judge, at October Term 1856.

This was an action, brought in the form prescribed by act of 1847, by George Britt, plaintiff against Samuel Hays, defendant, to recover the sum of $135.61 due on *account* as per bill of particulars annexed.

The following was the bill of particulars,
"Samuel Hays,
                       To George Britt,        -    -    -    -    Dr.
1855.    To nine months and nine days work and labor, at
               the rate of $175.00 per year.   -    -    $135.61"

Upon the trial, plaintiff offered a witness to prove that defendant employed him for the year 1855 and agreed to pay him the sum of one hundred and seventy five dollars. That in pursuance of said contract he entered the service of defendant and worked for him nine months and nine days, when defendant discharged him without cause: defendant's counsel objected to the admission of this testimony, on the ground, that no *special contract* having been alleged or declared on, none could now be set up and proved, which objection the Court sustained and ruled out the testimony.

Plaintiff then offered to prove that he had worked for defendant nine months and nine days, in the year 1855, *and that*

*his services were worth the sum of $135,61.*    The Court held that under the pleadings and proof the testimony was inadmissible, and excluded it.

Plaintiff then made a motion, to amend the bill of particulars so as to make it conform to the facts of the case and the contract, which motion the Court refused, holding that the bill of particulars was not amendable; and plaintiff was *nonsuited.*   To all which rulings, decisions and orders, plaintiff by his counsel excepted and assigns error thereon.

WORRILL; BROWN, for plaintiffs in error.

McCOY & HAWKINS, for defendant in error.

*By the Court.*—LUMPKIN, J. delivering the opinion.

The plaintiff treating the special contract in this case, as rescinded by the misconduct of the defendant, which he had a right to do, *Rogers vs. Parham* 8 *Ga. Rep.* 190; sued on a *quantum meruit* for work and labor actually performed. He was *rectus in curia.*   His writ or complaint needed no amendment; but he was entitled to recover upon it as it stood, provided he could sustain it by satisfactory proof; and that he was not permitted to do.   It was allowable to refer to the special contract to fix the measure of damages; or in other words to prove the value of the plaintiff's services; as estimated by the defendant himself.   He offered to do this however by independent testimony, and the proof was rejected.

Judgment reversed.