BLUN & STERNE, plaintiffs in error, *vs.* LOUIS HOLITZER, defendant in error.

Where the plaintiff was employed for one year, at a stipulated sum per month, but was discharged before the expiration of his term, and thereupon sued and obtained a judgment for the amount due up to the time of such discharge, he is not thereby estopped from instituting proceedings to recover the balance due him for the remaining portion of the year.

Contracts. Estoppel. Before Judge STROZER. Dougherty Superior Court. April Term, 1874.

For the facts of this case, see the decision.

D. H. POPE, for plaintiffs in error.

SMITH & JONES; R. F. LYON, for defendant.

WARNER, Chief Justice.

The plaintiff sued the defendants on an open account for his services as clerk, and on the trial of the case the jury found a verdict for the plaintiff for $275 00. A motion was made for a new trial, on the grounds that the verdict was contrary to the evidence, and without evidence, that it was contrary to law, and contrary to the charge of the court; which motion was overruled, and the defendants excepted. The evidence in the record shows, that in September, 1871, the defendants employed the plaintiff as a clerk for one year, and were to give him $40 00 per month and board him. In April, 1872, the defendants discharged the plaintiff from their employment because their business was dull, and for no other reason, so far as the record shows. The plaintiff then sued the defendants for what was due him for his wages up to that time, and recovered a judgment therefor. The present action is brought to recover his wages for the balance of the year after his discharge. The defendants contend that he cannot do that, because he treated the contract as rescinded, and brought his suit for what was due him up to the time of his discharge from their employment. This depends on the construction to be given to the 2726th section of the Code, which declares that in some cases even an entire contract is apportionable, as where the price to be paid is not fixed, or is by the contract itself apportioned according to time, so if the failure of one party to perform is caused by the act of the other, the contract may still be apportioned. In this case, according to the evidence in the record, the defendants were to pay plain-

tiff $40 00 per month for one year, so that by the contract itself, there is no difficulty in apportioning the amount for which the plaintiff was entitled to recover, under the contract, for the time he served the defendants as their clerk, or for the time they prevented him from serving them by discharging him before the expiration of the year for which he was employed. In our judgment, the plaintiff had the right to sue the defendants under the contract for the time he actually served them as clerk, at the price stipulated to be paid for each month, for wages due him up to the time of his discharge, and also for the wages due him from the time of his discharge to the end of the year, at the rate per month as stipulated in the contract. In other words, the plaintiff had the right to apportion the contract, under the provisions of the Code before cited, and sue for the same as he has done. With which firm the contract was made, was a question of fact for the jury, under the evidence. There was no error in overruling the motion for a new trial on the statement of facts disclosed by the record.

Let the judgment of the court below be affirmed.