### ISAACS *vs.* DAVIES.

If a servant be employed for five months at a specified rate per month, payable monthly, and pending the employment he be wrongfully discharged, he may, in his option, sue at the end of each month, and a recovery for one month will be no bar to a suit at the end of the next month.

Master and Servant   Actions. Former Recovery. Before Judge PATE.   Pulaski Superior Court.   November Adjourned Term, 1880.

Reported in the decision.

L. C. RYAN, by brief, for plaintiff in error.

KIBBEE & MARTIN, for defendant.

CRAWFORD, Justice.

It appears by the record in this case that Isaacs, the plaintiff in error, employed Davies, the defendant in error, to clerk for him for five months, at $35.00 a month, pay-

able at the end of each month.   That soon after Davies commenced work he was detained three or four days therefrom by the sickness and death of a child, Isaacs, however, consenting to his absence.   Upon his return, Isaacs refused to allow him to continue in his service, or further to perform his contract, but discharged him.

At the end of the first month Davies sued him and recovered judgment for $35.00, which was paid.   At the expiration of the second month Davies brought suit for that month's wages.   Isaacs pleaded the general issue and the former judgment in bar of this suit; the court gave judgment, under the proofs, for the plaintiff, Davies, for $35.00, as the amount due on the second installment for his wages.   *Certiorari* was granted Isaacs, and upon the hearing thereof it was dismissed, and he excepted.

The record shows that there was no disagreement between the parties as to the terms of the contract, though there was as to the cause of the discharge.   The contract was for five months, at $35.00 a month, payable monthly. This being so, the first judgment was no bar to the second suit, and settled nothing, except that the first month's wages were due and unpaid.   Had Isaacs continued Davies in his service and failed or refused to pay him at the end of each month, no one would question his liability to suit and judgment.   If, then, he discharged him wrongfully, he did not, and could not thereby discharge himself from liability.   If Davies kept his part of the contract, or offered to keep it, and was not permitted to do so by the acts of Isaacs, the latter cannot set up his own breach of the contract to discharge himself from its performance. See Code, §2939; 53 *Ga.*, 82; 1st Story on Con. §§25 (d.) 29.

Judgment affirmed.