## MOORE *v.* KELLY & JONES COMPANY.

1. A declaration alleging that the plaintiff and defendant had, after certain correspondence, entered into a contract of employment under which the plaintiff was employed by the defendant for one year at a specified salary, which was payable monthly; that, after he had performed his services for several months, he was wrongfully discharged by his employer; that he was ready and willing to perform the services, but the employer re-

fused to accept them ; that he had recovered a judgment for a part of his salary, and that this action was for the recovery of the balance, sets forth a cause of action.

2. The recital in the declaration of the correspondence which led up to the contract finally made was mere surplusage, and need not have been set out in full in response to a special demurrer based on the ground that it was not so set forth.  So likewise with the recital of the judgment for a part of the plaintiff's salary.

Argued June 13, — Decided July 13, 1900.

Complaint.    Before Judge Lumpkin.    Fulton superior court.    January 4, 1900.

*Culberson & Willingham,* for plaintiff.
*C. D. Maddox,* for defendant.

SIMMONS, C. J.    Suit was brought by Moore, doing business under the name of V. A. Moore & Co., against Kelly & Jones Co., for the balance of plaintiff's salary under a contract of employment for one year at a salary of $200 per month.    The petition contained many allegations which were useless and superfluous.    The defendant demurred generally and specially, some of the grounds of demurrer being as useless and superfluous as the allegations of the petition just referred to.    The plaintiff amended his petition by striking therefrom some of the allegations, and thus reduced it to substantially the following:    The defendant company is indebted to plaintiff in the sum of $1,000 for salary covering the period from September 12, 1898, to February 12, 1899, inclusive.    This indebtedness arose in the following manner:    In January, 1898, plaintiff received a letter from defendant seeking plaintiff's services as sales agent, the letter concluding with a request for statement of what salary per year, payable monthly, plaintiff would require.    Plaintiff replied, January 29, 1898, that he would take business at $3,000 per annum, payable $250 per month, and discontinue some smaller lines he had already.    Defendant replied, February 4, 1898, that it could not pay amount asked, but would pay at the rate of $200 per month, and, if the sales justified, even more.    Defendant wired plaintiff to come to Pittsburg, Penn., which plaintiff did.    Defendant then renewed proposition to employ plaintiff as sales agent for certain States for one year, at a salary payable monthly at rate of $200 per

month, beginning February 12, 1898. This proposition plaintiff then and there accepted, and he returned to Atlanta and at once entered faithfully upon the discharge of his duties under said contract. Plaintiff was notified in May, 1898, that owing to the dullness of the trade his services must be dispensed with after June 12, 1898. Plaintiff refused to consent to this termination of the contract, as he was employed by the year, and insisted on a compliance by defendant with the terms of the contract. Plaintiff continued to take orders, but defendant refused to fill them. Defendant would then write to parties giving orders, and tell them that any orders sent directly to defendant would be filled. Plaintiff was ready at all times to comply with contract, and so notified defendant, which persistently refused to accept any services from plaintiff. Plaintiff has obtained judgment against defendant for amount due him up to September 12, 1898, and now sues for $1,000, the amount due under his contract up to February 12, 1899, that is to say, for his salary due him for the months ending, etc. The demurrers were renewed, and the court sustained them and dismissed the action.

1. We think that the petition set out a cause of action. If the contract of employment was for one year at a stipulated salary, payable monthly, and the employer wrongfully discharged the employee, the latter can bring his action at the expiration of each month for the amount of his salary for that month, there being a partial breach of the contract each time the monthly salary is refused. In the case of *Blun* v. *Holitzer*, 53 *Ga.* 82, it was decided that "Where the plaintiff was employed for one year, at a stipulated sum per month, but was discharged before the expiration of his term, and thereupon sued and obtained a judgment for the amount due up to the time of such discharge, he is not thereby estopped from instituting proceedings to recover the balance due him for the remaining portion of the year." In the case of *Isaacs* v. *Davies*, 68 *Ga.* 169, it was held: "If a servant be employed for five months at a specified rate per month, payable monthly, and pending the employment he be wrongfully discharged, he may, in his option, sue at the end of each month, and a recovery for one month will be no bar to a suit at the end of the next

month." From these decisions it is clear that an employee is not obliged to sue for the breach of the contract as soon as he is discharged, nor is he compelled to await the expiration of the term of his employment before he brings his action.

2. The allegations in the petition that there had been a correspondence between plaintiff and defendant as to the terms of the employment, setting out the substance of the correspondence, may be treated as surplusage, inasmuch as the petition shows that the contract was not made in this correspondence but in a personal interview between plaintiff and defendant, the correspondence merely leading up to this personal interview. As the action is not predicated upon this correspondence, it was not necessary, in response to a special demurrer, to set out in full the letters referred to in the petition. As it was unnecessary to allege that there had been any correspondence, such an allegation will be treated as surplusage, or as mere matter of inducement. The same reasons will apply to the grounds of the demurrer which were based on the failure to set out the record and judgment in the former suit to recover salary for the other months. It was not necessary to recite this former recovery of a portion of the salary, but what was alleged in reference to it was simply to show the reason the suit was not for the whole amount of the salary from the time of discharge. Viewing the declaration as it stands after amendment, we think it sets out a cause of action good against all the demurrers filed, and that the court erred in dismissing it.

*Judgment reversed. All the Justices concurring.*