7862, 7874.   EDISON *v.* DUNDEE WOOLEN. MILLS; and
*vice versa.*

1. The trial court had authority, and it was its duty, to enter the judgment to which the defendant excepted. The motion to dismiss the writ of error must be denied.

2. A declaration which alleged that the plaintiff and the defendant entered into a written contract of employment, under which the plaintiff was employed by the defendant for one year at a specified salary payable weekly, that after the plaintiff had entered upon the performance of his services under the contract he was wrongfully discharged by the defendant, and that he was ready, able, and willing to perform the services, but the defendant wrongfully breached the contract, and which contained a prayer for his damages for a designated part of the term of his employment, was not subject to a plea in abatement or in bar, which alleged the commencement, and the prosecution to verdict and judgment, of a prior suit by the plaintiff against the defendant for breach of the same contract, which judgment had been fully paid by the defendant, where it appeared that the former suit was in fact a suit for only a part of the salary which would have been earned by the plaintiff during a designated period covered by the contract, the salary for the time covered by the first suit being expressly excluded in the pending action.

DECIDED JUNE 29, 1917.   REHEARING DENIED AUGUST 3, 1917.

Attachment; from city court of Atlanta—Judge Reid. December 1, 1915.

Edison brought suit by attachment against the Dundee Woolen Mills, a non-resident; the suit being No. 24,301 in the city court of Atlanta, November term, 1912. The indebtedness claimed of the

defendant was $250. The attachment was levied on certain cloth of the defendant, and the defendant gave a replevy bond in the sum of $500 and took possession of the goods. On November 21, 1912, Edison filed his declaration in attachment, alleging, that he was employed by the defendant under a written contract by the terms of which he was to receive $30 per week, payable each Saturday night, and an additional 25 cents on each suit of clothes sold by him; that the employment was to begin on September 11, 1912, and terminate on September 11, 1913; that the defendant had violated the terms of the contract, and had refused to allow the plaintiff, who was at all times ready, able, and willing to perform his contract, to enter upon his duties thereunder; that under the contract he would have earned, from September 14, 1912, to October 12, 1912, the sum of $150 as salary, besides a commission of 25 cents on every $18 suit sold during that period; and that by the defendant's breach of its contract the plaintiff was damaged in the sum of $250 during the period from September 14 to October 12, 1912. The defendant, on January 7, 1913, filed a general answer substantially denying all the allegations of the declaration except the making of the contract of employment.

On January 30, 1914, Edison brought a second suit by attachment against the defendant (Suit No. 25,947 in the city court of Atlanta), claiming an indebtedness of $1,200, and this second attachment was levied, January 31, 1914, on merchandise belonging to the defendant. On February 2, 1914, the defendant gave a replevy bond in the sum of $2,400, and took possession of the property seized under the attachment. On February 26, 1914, the plaintiff filed his declaration in the second attachment suit, again alleging the making of the contract on September 7, 1912, referred to in the first suit; and further: that the plaintiff's compensation thereunder was to be $30 per week, payable each Saturday night, and a commission of 25 cents on each $18 suit sold; that the said employment was to begin on September 11, 1912, and terminate on September 11, 1913; that the defendant refused to allow the plaintiff to enter upon his duties as manager under the contract; that he was at all times ready, willing, and able to fulfil his obligations under the contract; that he was unable to obtain other employment of any kind prior to October 14, 1912; that after October 14, 1912, and up to September 11, 1913, he would have earned, un-

der the contract, $1,440 as a salary, but he was able to earn only $640 during said period, thereby incurring a loss of $780 besides his commission upon each suit sold by him during that time; and that the defendant had, by the said unlawful breach of contract, damaged him in the sum of $1,200. On April 11, 1914, the defendant filed its answer, generally denying the allegations of the declaration.

On June 15, 1914, the plaintiff offered an amendment to his declaration in the first suit, alleging that since the filing of the attachment the life of the contract sued on had terminated, and setting up in substance the facts alleged in his declaration in the second attachment suit, and praying for a recovery of his whole loss arising out of the breach of the contract. The amendment was allowed over objection, and on June 19, 1914, the defendant filed exceptions pendente lite, averring that the plaintiff had offered an amendment, which came on to be heard at the May term, 1914; that the defendant objected to the allowance of the said amendment, on the grounds, that it introduced a new and distinct cause of action; that it incorporated and included the identical cause of action which is included in the second attachment sued out by the plaintiff against the defendant, to which the defendant had duly answered, and which second attachment suit was then pending in the city court of Atlanta; and that the second attachment was sued out and levied after the period covered by the contract had expired. These exceptions pendente lite were duly certified by the presiding judge, and were entered of record. On July 13, 1914, the defendant filed another pleading in the first suit, and alleged, that on January 30, 1914, the plaintiff sued out his second attachment and made affidavit that the defendant was indebted to him in the sum of $1,200; that this attachment was duly levied on the defendant's stock of merchandise, and duly returned to the city court of Atlanta; that the defendant gave a replevy bond on February 3, 1914; that on February 26, 1914, the plaintiff filed his declaration therein; that on April 11, 1914, the defendant filed its answer thereto; and that the said second attachment case is between the same parties and for the same cause of action alleged by the plaintiff in his amendment to the first attachment suit; and the defendant pleaded the second attachment suit in abatement of so much of the first attachment suit and cause of action as was set out and

alleged in the amendment. This plea in abatement was duly veri-
fied. This plea stood of record and undisposed of on September
9, 1914, when the first attachment case came on for trial on its
merits. The plaintiff, by proper amendment, withdrew its amend-
ment of June 15, 1914. The amendment thus withdrawn was
the amendment alleging that, since the filing of the first attach-
ment, the life of the contract had terminated, and asking for a re-
covery for the whole damages by reason of the breach of the con-
tract of employment, substantially as claimed in the declaration
filed in the second suit. Upon the trial of the first suit the plain-
tiff amended his declaration by adding a second count which was
in all respects the same as the original declaration, except that the
added count alleged that the plaintiff was discharged without
legal justification after he had entered upon his duties under
the contract of employment. The defendant amended its answer,
and averred, in substance, that the plaintiff was incompetent and
was discharged on that account; and that the contract was by its
terms to be governed and construed by the laws of the State of
Illinois.

The plaintiff obtained a verdict against the defendant for $180
and costs of suit. The defendant made a motion for a new trial,
which was overruled; and the judgment of the trial court was af-
firmed by the Court of Appeals. The judgment was paid by the
defendant. On December 1, 1915, the second suit came on for
trial, and plaintiff amended the declaration therein by adding a
second count in substance and effect the same as the second count
added to the declaration in the first attachment case; and further
amended, alleging, that the verdict and judgment in the first suit
established and adjudicated the plaintiff's right of recovery under
his contract; that the first suit covered a period of time only from
September 14, 1912, to October 12, 1912, and that the claim set
up in the second suit was for the time from October 12, 1912, to
September 12, 1913, the end of the contract. The defendant of-
fered a special plea, by which it pleaded, in bar and abatement of
the second suit and cause of action, the filing of the first attach-
ment proceeding, the prayers, verdict, judgment, motion for a new
trial, affirmance, and payment of the judgment therein. In this
plea it is alleged that "plaintiff has elected to sue immediately for
his damages, for a breach of the same contract as that now alleged

and declared upon," and that said first attachment suit was a bar to the plaintiff's suit and right of action in the present case. For further plea in bar, the defendant alleged that the contract, by its terms, was to be governed by the law of Illinois, and that under the law of Illinois but one suit could be maintained for the breach of a contract of employment; the doctrine of constructive service not being recognized in that State. The plaintiff objected to the allowance of this special plea, upon the ground that it set forth no legal defense in bar of his suit. The plea was allowed over this objection. Exceptions pendente lite to the order allowing it were duly certified and filed. Thereupon the plaintiff offered further amendment to his declaration, as follows: "That plaintiff, by amendment filed and allowed in said case No. 24,301, set up his claim for the same items as are sought to be recovered in this case; that to the allowance of such amendment the defendant then and there objected on the ground that it introduced a new and distinct cause of action, that it came too late, that it incorporated and included the identical cause of action which is included in a second attachment suit (this suit) now pending in this honorable court; and, upon the court's overruling such objections and allowing the amendment, the defendant then had certified and filed its exceptions pendente lite to the allowance. The defendant also filed a plea, therein averring that, as amended, the suit should be abated and dismissed because *such amendment* introduced the same cause of action as that embraced in a suit that was then pending (to wit, this case), setting up such cause of action, and by and between the same parties hereto, which suit had not been disposed of. Thereupon the plaintiff herein and therein, to meet these objections of and positions taken by the defendant, withdrew, by proper amendment, the amendment setting up such additional items as are sued for in the case at bar, and said case No. 24,301 was then tried as originally brought, and for only the items claimed in the original petition filed therein. By reason whereof plaintiff alleges that defendant is estopped herein to contend or insist that the suit at bar is not maintainable because of said suit No. 24,301 and the pleadings, or verdict and judgment therein, or any or all thereof." The court refused to allow this amendment, and the refusal was duly excepted to pendente lite.

By agreement of counsel the defendant's special plea in bar was

submitted to the court on condition that if the plea should be sustained the plaintiff would not be required to produce any evidence on the merits of his case. After the introduction of evidence on the special plea the court directed a verdict in favor of the plea, and judgment was thereupon rendered against the plaintiff for costs only. Thereupon the plaintiff made a motion for a new trial, which was overruled, and he brought the case to the Court of Appeals, excepting to the allowance of the defendants' plea in bar, to the disallowance of the plaintiff's plea of estoppel, to the verdict directed by the court, sustaining the plea in bar to plaintiff's suit, to the overruling of the plaintiff's motion for a new trial, and to the judgment entered upon the verdict so directed by the court on the special plea in bar. The Court of Appeals dismissed the writ of error, with this statement: "The bill of exceptions in this case relates only to interlocutory matters, and there was no final judgment. The writ of error was therefore premature, and this court has no jurisdiction to entertain it. Direction is given, however, that the copy of the bill of exceptions, of file in the office of the clerk of the city court of Atlanta, may operate as exceptions pendente lite." The remittitur from the Court of Appeals was duly made the judgment of the lower court, and the copy bill of exceptions was duly certified as exceptions pendente lite; and on September 15, 1916, the judge of the city court of Atlanta rendered a final judgment in favor of the defendant, upon the verdict returned by direction of the court, sustaining the defendant's special plea in bar. Whereupon the plaintiff sued out the present bill of exceptions. The defendant objected to the court's signing and entering the final judgment of September 15, 1916, and contended that the court was without jurisdiction, power, or authority to render any judgment, because of the facts appearing of record, to wit: A verdict was returned in favor of the defendant, on its special plea in bar, on December 1, 1915, and a judgment for costs was entered upon the same date. No direct bill of exceptions to the judgment of the court in directing the verdict was taken, but a motion for a new trial was duly filed, and on January 8, 1916, was overruled. A bill of exceptions to the Court of Appeals was presented to, and certified by, the trial judge more than thirty days from the verdict in the case. It did not contain the motion for a new trial or the judgment overruling the motion, nor did it specify

such motion or judgment as a part of the record, although it was recited that such motion was made and overruled; and the order overruling the motion was excepted to and assigned as error. 'The defendant invoked the ruling of the court on the effect of its judgment overruling the motion for new trial on January 8, 1916, and contended that this judgment was final in the case. The court disregarded the contentions of the defendant, and entered the judgment hereinbefore stated. The defendant presents its contentions by cross-bill of exceptions.

*Smith, Hammond & Smith,* for plaintiff.

*C. B. Rosser Jr.,* for defendant.

GEORGE, J. (After stating the foregoing facts.)

1. Counsel for the defendant moved the court to dismiss the writ of error on the main bill of exceptions, upon substantially the same grounds as urged in its cross-bill of exceptions. In view of the ruling of this court on a former writ of error in this case (18 *Ga. App.* 460, 89 S. E. 536), the motion to dismiss the main bill of exceptions is denied. The third headnote in the case of *Lyndon* v. *Georgia Railway & Electric Co.,* 129 *Ga.* 353 (58 S. E. 1047), is also in point. We quote it: "If the ruling or decision complained of as erroneous is one preceding the final judgment, and if it is specifically made the subject of exception and of proper assignment of error, and the final judgment is excepted to, not because of additional error in it, but because of the antecedent ruling complained of, which entered into and affected the further progress or final result of the case, a general exception to the final judgment and an exception to and a specific assignment of error on the antecedent ruling will suffice, relatively to the point now under consideration, to give the reviewing court jurisdiction." It was the duty of the trial court to give effect to the ruling of this court, made in this case; and this, we understand from the record, the learned trial judge undertook to do by entering a final judgment in favor of the defendant in the lower court, on September 15, 1916. These observations dispose not only of the motion to dismiss, but of the question presented by the cross-bill of exceptions.

2. Whatever may be the rule in other jurisdictions, the law of this case is controlled by the decision in *Moore* v. *Kelly & Jones Co.,* 111 *Ga.* 371 (36 S. E. 802), and cases there cited. In that case it was ruled: "If the contract of employment was for one

year at a stipulated salary, payable monthly, and the employer wrongfully discharged the employee, the latter can bring his action at the expiration of each month for the amount of his salary for that month, there being a partial breach of the contract each time the monthly salary is refused." In *Blum* v. *Holitzer*, 53 *Ga.* 82, it was said: "Where the plaintiff was employed for one year, at a stipulated sum per month, but was discharged before the expiration of his term, and thereupon sued and obtained a judgment for the amount due up to the time of such discharge, he is not thereby estopped from instituting proceedings to recover the balance due him for the remaining portion of the year." In *Isaacs* v. *Davies*, 68 *Ga.* 169, it was held: "If a servant be employed for five months at a specified rate per month, payable monthly, and pending the employment he be wrongfully discharged, he may, in his option, sue at the end of each month, and a recovery for one month will be no bar to a suit at the end of the next month." We fully appreciate the reasoning upon which a contrary rule, announced in many jurisdictions, is based; but the foregoing decisions of the Supreme Court are binding upon this court. The declarations as amended, in both the first and second attachment suits, plainly and distinctly declared upon the contract of employment. The breach of the contract is in each suit alleged; and, fairly interpreted, the damages claimed in each case represented only that portion of the compensation which the plaintiff would have earned during a specified period under the contract had he been allowed to perform the contract. Aside from the merits of the plea of estoppel urged by the plaintiff to the plea in bar filed by the defendant (and the defendant was certainly estopped, by its position of record, to plead the recovery in the first suit in bar of the present suit, under the laws of this State and the State of Illinois), the pleadings, verdict, judgment, affirmance of the verdict and judgment, and the payment of the same, in the first case, constituted no bar to the cause of action alleged in this, the second, suit. Since the court erred in overruling the objections urged by the plaintiff to the plea in bar filed by the defendant, and likewise erred in refusing to entertain the plea of estoppel interposed to defendant's plea in bar, all subsequent proceedings were nugatory. The final judgment, or the judgment which this court considered the necessary final judgment in the case, was duly excepted to, not for inherent error there-

in, but for matters antecedent to it, and which necessarily entered into, affected, and controlled the further progress and final disposition of the case. The plaintiff preserved his right, by timely exceptions, to urge his objections to these antecedent rulings of the court; and we have concluded that his contentions are good.

*Judgment reversed on main bill of exceptions, and affirmed on cross-bill. Wade, C. J., and Luke, J., concur.*