34155. SUNSHINE *v.* BEN F. LEVIS INCORPORATED.

Decided September 13, 1952.

*A. S. Grove*, for plaintiff in error.

*I. A. Blanch*, contra.

FELTON, J. ██ ██ The terms of the contract between the plaintiff and defendant provided that the services contracted for should be paid for in monthly instalments. Under the contract the plaintiff had the right to demand and collect each instalment as it became due. In the event the defendant failed to pay an instalment when due, the plaintiff could maintain an action against the defendant for the collection of the instalment.

*Edison* v. *Dundee Woolen Mills*, 20 *Ga. App.* 404, 410 (2) (93 S. E. 324) and citations; *Franklin* v. *Ford*, 13 *Ga. App.* 469 (3) (79 S. E. 366). And where, as here, the defendant has defaulted in the payment of several instalments, a suit for the several instalments due and unpaid at the institution of the action may be maintained. *Martin* v. *McLain*, 51 *Ga. App.* 336 (3) (180 S. E. 510). Contrary to the contention of the plaintiff in error, regardless of whether the contract in the instant case was entire or severable, the plaintiff could maintain an action for due and unpaid instalments before the expiration of the contract period. Code § 20-1401 provides: "If a contract be entire, but one suit can be maintained for a breach thereof; but if it be severable, *or if the breaches occur at successive periods in an entire contract (as where money is to be paid by instalments), an action will lie for each breach;* but all the breaches occurring up to the commencement of the action must be included therein." (Emphasis supplied.)

■ The contention that the contract is too vague and indefinite and lacking in mutuality to be enforceable is without merit, as is the contention that the contract is unilateral. The law leans against the destruction of contracts on the ground of uncertainty. *Leffler Co.* v. *Dickerson*, 1 *Ga. App.* 63 (1) (57 S. E. 911); *Verdery* v. *Withers*, 30 *Ga. App.* 63, 70 (116 S. E. 894). The instant contract provides that for a stated consideration the plaintiff would act as "resident buyer" for the defendant, trading as Sunshine Department Store. We think that both parties to the contract understood it to mean that the plaintiff would act as the defendant's buyer for products used in his mercantile business. Mercantile terms in mercantile contracts will be given the meaning which merchants ordinarily give them. Williston on Contracts, Vol. 3, 1778, § 618. See also *Anderson, Clayton & Co.* v. *Mangham*, 32 *Ga. App.* 152 (123 S. E. 159). The plaintiff in error also contends that the allegation, "That plaintiff has performed its part of the said agreement and is ready, willing and able to perform the same," construed most strongly against the plaintiff, only alleged that the plaintiff was ready, willing, and able to perform under the contract and not that he had performed under the contract. The contention is without merit. The only reasonable construction that can be

put on such allegation is that the plaintiff has performed his part of the contract up to the time of the suit and is ready, willing, and able to perform under the contract for the remainder of the contract period.

■ The defendant specially demurred to paragraph 5 of the petition, as follows: "a. Because the said alleged sum of $936 shown in said paragraph is not itemized, nor is it shown of what said alleged item consists. b. Because said alleged item and sum of $936 shown in said paragraph is at variance with the unmarked and unidentified statement attached to plaintiff's petition in the alleged sum of $1248." This demurrer is without merit. The attached statement showed an itemized charge of $104 for each month from May 1, 1951, to April 1, 1952, with no credits shown, and a total balance of $1248 opposite the April 1, 1952, item. By a simple computation from the data appearing on the face of the petition and the attached statement, it is readily ascertainable that the plaintiff sued for nine instalments of $104 each from May 1, 1951, to the date of the suit, a total of $936, the amount prayed for. The only item not explained is the $4 a month postage charge, but there was no special demurrer on this ground.

The petition alleged a good cause of action, and the court did not err in overruling the general and special demurrers.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*