## 38271. DRENNON FOOD PRODUCTS COMPANY *v.* DRENNON.

DECIDED MAY 9, 1960.

*John L. Westmoreland, John L. Westmoreland, Jr., Harry P Hall, Jr.,* for plaintiff in error.

*Powell, Goldstein, Fraser & Murphy, James K. Rankin, Larry I. Bogart,* contra.

NICHOLS, Judge. ■ Count 1 of the petition alleged in substance that the plaintiff had been a vice-president and director of the defendant corporation, and while holding such office owned certain shares of stock in the defendant corporation, that the stock certificates contained the following provision: "The capital stock of this corporation which may be at any time owned by any employee or officer shall upon such officer or employee leaving the employ of the company for any reason, including death, be surrendered to the corporation by such employee or officer upon leaving the employ of the corporation and the sale price of the said stock shall be the book value of the said stock as shown by the corporation's books." It was further alleged that the plain-

tiff was discharged by the corporation, and that "on March 7, 1958, plaintiff tendered his aforesaid three certificates of stock to Benjamin J. Camp, attorney then acting for defendant corporation, and demanded payment of its book value and defendant has continued to fail and refuse to pay to plaintiff the book value of his 100 shares of stock as aforesaid; plaintiff now continues his tender of the aforesaid three certificates of stock owned and held by him which have at all times since March 6, 1958, borne his transfer and endorsement in blank thereon."

Under the decision of the Supreme Court in *Capps* v. *Edwards*, 130 *Ga.* 146 (60 S. E. 455), and the decision of this court in *Turner* v. *Hillyer*, 28 *Ga. App.* 736 (113 S. E. 111), count 1 of the petition set forth a cause of action for the breach of an executory contract of sale for the recovery of the "book value" of the stock which under the contract would be the amount to which the plaintiff would be entitled.

There is no merit in the contention that the plaintiff's petition does not allege a sufficient tender, in view of the allegations that such stock certificates were tendered to the attorney acting for the corporation, when it was alleged that a resolution of the corporation directed the plaintiff to tender them to the corporation's treasurer. Code § 22-1915 requires that any restriction upon the transfer of stock be stated on the certificate itself and the restriction on the minutes of the corporation only would in no way bind the plaintiff to tender the certificates to the corporation's treasurer. Accordingly, the trial court did not err in overruling the general demurrers to this count of the plaintiff's petition.

■ Count 2 seeks to recover because of the breach of an employment contract. It was alleged that the plaintiff had been elected as a vice-president of the defendant corporation for a period of one year and after having served 4 months was summarily discharged without cause. He seeks in this count to recover the salary for the remainder of his term of office.

The defendant contends that the contract of employment was terminable at will, that the petition shows on its face that the contract was unilateral and therefore unenforceable, and that the petition does not allege whether the contract was oral or written and, if written, the contract is not set forth or a copy attached.

While the question of whether the contract was oral or written may have presented a good ground for special demurrer, yet if the terms of the contract, whether oral or written, were alleged, the petition would not be subject to demurrer. *Midland Properties Co.* v. *Farmer,* 100 *Ga. App.* 8, 22 (110 S. E. 2d 100).

The petition quoted a bylaw of the corporation which reads as follows: "The officers of the corporation shall consist of a president, vice-president, secretary and a treasurer and such other vice-presidents, assistant secretaries or assistant treasurers as may be necessary for the conduct of the business of the corporation. The president, vice-president, secretary and the treasurer shall be elected by the stockholders at the annual meeting, or at special meetings, when necessary to fill a vacancy created for any reason. . . . The term of each of the four principal officers shall be for one year, or until the annual meeting of the stockholders, and such principal officers shall continue in office until their successors shall have been duly elected and qualified." It was then alleged: "That at the annual meeting of defendant corporation in September 1957 plaintiff was re-elected a vice-president and director of defendant corporation, which offices he had held continuously for many years prior thereto, and the annual salary of plaintiff as vice-president was for the ensuing fiscal year beginning October 1, 1957, fixed at $12,000 payable in monthly instalments of $1,000 each. That defendant corporation paid plaintiff his salary of $1,000 per month for the months of October, November and December 1957 and January 1958, but defendant corporation has failed and refused to pay plaintiff any salary thereafter. Plaintiff shows that he was discharged by defendant corporation without cause or justification; that no cause or reason has ever been given to plaintiff by any officer of defendant corporation for his discharge; that neither in the notice which defendant corporation gave to its stockholders and directors of the special called meetings to be held on March 6, 1958, nor in the minutes of either of said meetings of said corporation nor in any discussion of any resolutions during either of said meetings or at any other time has any reason or cause been given plaintiff by anyone in authority with defendant corporation for his discharge, which discharge plaintiff avers to have been un-

lawful and wrongful and in violation of his contract of employment for which plaintiff sues defendant corporation for the sum of $1,000 per month principal for the eight months from February 1, 1958, through September 30, 1958 inclusive, in which plaintiff has been denied the opportunity of carrying on his duties as an officer and employee of defendant corporation during all of which time plaintiff was ready, willing and able to perform the same." It was also alleged that the plaintiff had been a full-time employee of the defendant corporation for many years. In view of the above allegations of the petition the contention of the defendant that the plaintiff held a position that was terminable at will is without merit, for under the allegations of the petition the plaintiff was elected vice-president for a period of one year and until his successor was elected and qualified. The plaintiff's salary was set forth, the term for which he was elected, the fact that he had been a full-time employee for many years as well as an officer and director. While the plaintiff's duties are not alleged, the fact that the plaintiff was a full-time employee was alleged, and had additional information been desired as to the plaintiff's duties under the contract, this should have been the subject of a timely special demurrer. The contract of employment meets every requirement necessary to authorize a recovery for the breach thereof. See *Weill* v. *Brown*, 197 *Ga.* 328, 332 (29 S. E. 2d 54), and *Sunshine* v. *Ben F. Levis, Inc.*, 86 *Ga. App.* 746 (72 S. E. 2d 485). The judgment of the trial court overruling the general demurrer to this count of the petition was not error.

*Judgment affirmed. Felton, C. J., and Bell, J., concur.*