43771. ROSENSTOCK v. CONGREGATION AGUDATH ACHIM.

Submitted July 2, 1968—Decided September 4, 1968—
Rehearing denied October 7, 1968.

*Kravitch & Hendrix, Aaron Kravitch,* for appellant.

*Friedman, Haslam & Weiner, Edwin A. Friedman,* for appellee.

Bell, Presiding Judge. Where a party contracts to work for a definite term and is wrongfully discharged *after* rendering a portion of the services contracted for (compare *Putney v. Swift, Murphy & Co.,* 54 Ga. 266), he has three remedies, any one of which he may pursue at his election: (1) he may immediately bring an action for damages for any special injury which he may have sustained (*Rogers v. Parham,* 8 Ga. 190, 193); (2) he may treat the contract as rescinded and sue immediately in quantum meruit for the work and labor he actually performed (*Britt v. Hays,* 21 Ga. 157, 158); or (3) he may wait until the termination of the period for which he was employed and then sue upon the contract and recover his whole wages. "The state of our law on the subject seems to be this: that where a servant is wrongfully discharged after rendering a portion of the services contracted for, he can, by waiting until the expiration of the

term, bring his action for wages as though he had actually performed his contract, and will, *prima facie*, be entitled to recover wages at the rate stipulated in the contract; but the employer may reduce the recovery by so much as the servant did earn, or could, by the use of ordinary diligence, have earned in other employment of like kind. . . The doctrine of constructive service . . . still prevails in Georgia . . . though the doctrine seems to be generally denied, or at least doubted, as sound law both in England and this country." *Cox v. Bearden,* 84 Ga. 304, 306 (10 SE 627, 20 ASR 359). See *Code* § 4-215. This principle is applicable whether the contract of employment is for one year or less or for a longer term. On this subject generally, see 5 Williston, Contracts (Rev. Ed. 1937) 3817, § 1361; Anno. 8 ALR 338.

However, the rule as stated in the *Cox* case does not affect the running of the statute of limitation on the right of action for accrued wages. If the contract is severable and provides for wages payable in periodic instalments, then the employee need not wait until the expiration of the contract term but may sue, under the legal fiction assuming a rendition of "constructive service," for the instalments of his wages as they accrue. *Blun & Sterne v. Holitzer,* 53 Ga. 82, 84; *Isaacs v. Davies,* 68 Ga. 169, 170; *Moore v. Kelly & Jones Co.,* 111 Ga. 371, 373 (36 SE 802); *Edison v. Dundee Woolen Mills,* 20 Ga. App. 404, 410 (93 SE 324). Thus a right of action accrues, and the statute of limitation begins to run, as to each instalment as it falls due. "It is a general and established principle of law that the statute of limitation begins to run from the time the right of action accrues." Ga. Prac. and Proc., § 29-17 (3rd Ed.); *Mobley v. Murray County,* 178 Ga. 388, 392 (173 SE 680). Note that the rule is different where the contract of employment is entire, not severable, though it provides for payment in instalments. See *Burns v. Mitchell,* 55 Ga. App. 862 (2) (191 SE 870). In the latter instance, the statute of limitation on the right of action for the stipulated wages, as distinguished from the right of action for damages for any special injury, would not begin to run until the expiration of the term of the employment contract.

If the employee elects to treat the contract as continuing after

445

wrongful discharge, the right of action as to the last instalment of his salary does not accrue until expiration of the stipulated term of employment. And if the employment contract is in writing, the employee has six years after the expiration within which to bring suit. *Code* § 3-705.

Here, the failure to show affirmatively in the petition that the contract sued on was in writing raises no presumption that it existed only in parol. *Grant v. Hart*, 192 Ga. 153, 156 (5) (14 SE2d 860); *Fisher v. Jones Constr. Co.*, 87 Ga. App. 317, 321 (73 SE2d 587). Likewise, there is no presumption that it was not under the hand of the party to be charged, so as to bring it within the four-year period of limitation prescribed in *Code* § 3-706. As the petition does not show on its face that the six-year period of limitation is inapplicable, we must take that as the true period of limitation applicable for the purpose of passing on defendant's demurrer. On trial of the case a lesser period of limitation may appear applicable.

The contract sued on is not fully set forth in the petition. However, we surmise that the contract was a severable one and that plaintiff's salary was to be paid in periodic instalments. If so, then plaintiff's claim as to most of the instalments would be barred even under the six-year period of limitation. However, the contract term expired on October 31, 1961, and this suit was filed on August 31, 1967. Thus, applying the six-year period for the immediate purpose, it appears that at least a part of plaintiff's claim falls within the period of the statute of limitation. It follows that the trial court erred in sustaining defendant's demurrer contending that the petition show on its face the action was barred.

*Judgment reversed. Hall and Quillian, JJ., concur.*