47293, 47294. CITY COUNCIL OF AUGUSTA v. HYDRICK; and vice versa.

EBERHARDT, Presiding Judge. Mrs. Myrtis Hydrick was employed by the City of Augusta in 1964 and worked continuously for the city, though in different capacities, until she was notified in March, 1971, that her position

as clerk-cashier in the Waterworks Department had been abolished. She had suffered considerable illness in the previous year and had been absent from work a great deal on that account. She appeared before the Finance Committee of the City Council several times, seeking to be reinstated or put back to work, assuring them that she had recovered from her illness and could work regularly on the job, but the committee took the position that her job had been abolished for economy reasons and that it would not be re-established. She brought suit against the city, asserting that her job had been abolished as a subterfuge for discharging her, that it was in bad faith, and that she was entitled to recover on her contract of employment as provided in Section 10 of the Tenure Act (a part of the city charter) as found in Ga. L. 1937-38, Ex. Sess., p. 938, and claiming attorney's fees because of the alleged bad faith in the abolition of her position.

The case came on for trial before a jury, and a verdict was returned for the plaintiff. Defendant moved for a new trial, and now appeals from an order overruling the motion, as amended. *Held:*

1. The general grounds of the motion are without merit.

2. Plaintiff tendered and the court admitted into evidence the Carlisle Mortality Table over defendant's objection that plaintiff's age and longevity were not proper factors for consideration by the jury in determining the amount of damages, if any, to be awarded to her.

Section 3 (i) of the Tenure Act (Ga. L. 1937-38, Ex. Sess., p. 938) relative to employees of the City of Augusta provides that "A 'permanent employee' is an employee who has been continuously employed for the requisite probationary period as provided by the terms of this Act," and Section 4 provides that "The probationary period is hereby fixed as one (1) year of continuous employment either before and/or after February 1; 1939." Section 6 provides that "On and after February 1, 1939, the tenure of permanent employees shall be until they are removed or discharged" for several stated reasons, which was not

accomplished here. Section 10 of the Act provides that "Nothing herein contained shall restrict the rights of the City Council of Augusta to bona fide abolish any position held by any permanent employee or other employee, provided, however, that if abolition of position is resorted to as a subterfuge to discharge such employee, he shall have his action therefor as for breach of contract."[1]

Under the undisputed evidence Mrs. Hydrick was a permanent employee of the city, and if the jury should find that her position had been abolished as a subterfuge in discharging her, she had an action for breach of a contract for permanent employment. In that context, there being no definition of permanent employment in the Act other than as given above, and no limitation thereon which the city saw fit to invoke and establish as provided for in sections 6-8 of the Act, "permanent" means for the remainder of her life, or at least for so long as she could be expected to perform on the job during the remainder of her life. The uncontradicted evidence shows that at the time the job was abolished her physician had pronounced her as having recovered from her previous illness and to be physically able to perform her job, and she testified that she had been ready, able and willing to work and had in fact returned to work when notified of the abolition and was sent home. In this situation we find no error in the admission of the mortality tables.

3. The court charged that if the jury should find for the plaintiff, the measure of her damages would be the value of the contract to her, that is, the amount of money that

---

[1] The reason for the prohibition against abolition as subterfuge for discharge is found in Section 8 of the Act, which provides that in case of discharge (e.g., on the grounds of "physical incapacity to discharge the duties of the position held by such employee"), there must be "an investigation and public trial of such charges" and the truth of the charges established before the employee could be terminated.

would put her in the same position as if her contract of employment had not been breached. Defendant excepted to this charge on the ground that it was not correct as an abstract principle of law, and that the proper measure of damages is any special injury which the plaintiff may have suffered from the time of the breach up to the time of the trial.

In excepting to this charge defendant relied upon and now urges *Code* § 4-215, which provides a remedy for the breach of a contract of agency for the term of a year, and cites *Continental Aid Assn. v. Lee*, 16 Ga. App. 567 (85 SE 790); *Cox v. Bearden*, 84 Ga. 304 (10 SE 627, 20 ASR 359); *Ga., Fla. & Ala. R. Co. v. Parsons*, 12 Ga. App. 180 (76 SE 1063); *Roberts v. Rigdon*, 81 Ga. 440 (7 SE 742); *Roberts v. Crowley*, 81 Ga. 429 (7 SE 740), and *Rosenstock v. Congregation Agudath Achim*, 118 Ga. App. 443 (164 SE2d 283). Neither the Code section nor these cases deal with an employment where the employee has permanent tenure, and we do not regard them as apposite here. In order to terminate permanent tenure under the Act, it was incumbent upon the city to remove or discharge plaintiff for one of the reasons enumerated in Section 6, under the procedural safeguards as provided for by Section 8. Abolition of position, if resorted to as subterfuge for discharge, does not affect permanent tenure under the Act. The charge was not error for any of the reasons assigned in the exceptions made.

4. Appellant urges that the award of attorney's fees is not supported by the evidence, and that the jury was not authorized to find that the city had acted in bad faith or had been stubbornly litigious.

Plaintiff's cause of action, or claim, is grounded upon Section 10 of the Tenure Act. Before any verdict could be returned for her under that section it was necessary that the jury determine that the abolition of her position had not been bona fide, and that it had been done as a subterfuge for discharging her. There is evidence from which the jury was authorized to find that plaintiff's

position had not been abolished as an economy measure, as the city contended, and indeed that before its purported abolition, while plaintiff was absent because of illness, a substitute employee had been recruited to take over the duties which plaintiff had been performing, and that abolition of the position had been intended as a means of discharging her and retaining the substitute. We regard the verdict in plaintiff's favor as necessarily a finding of the existence of bad faith, in the light of the provisions of Section 10 of the Tenure Act, and hence the award of attorney's fees was authorized under *Code* § 20-1404.

5. The court charged that the plaintiff's action was "based in part on the Tenure Act" on the ground that it was "misleading and confusing to the jury because it is the defendant's contention that the action is based, not in part, but entirely upon Section 10 of the Tenure Act."

We do not think the jury was misled by this portion of the charge, particularly since it appears that immediately following it the judge read to the jury the entire Act, and at the end of reading it charged that before the plaintiff would be entitled to recover she had the burden of "proving by a preponderance of the evidence that the abolition of her position was resorted to as a subterfuge for the purpose of discharging her, and that the position was not abolished in good faith,"—which came directly from Section 10 of the Tenure Act.

6. Defendant timely requested in writing a charge that "every public officer is presumed to have done his duty, and in the performance of any official act to have followed the requirements of law, and the burden of proving otherwise is upon the person asserting the contrary to establish the same by a preponderance of the evidence." The court refused to give the charge and defendant excepted on the ground that it is a correct statement of an abstract principle of law and adjusted to the evidence in the case.

While it is correct as an abstract statement of the law, and was adjusted to the evidence, and would have been a proper charge to give, we do not regard the refusal to

give it as requiring a new trial, for the reason that we believe the general charge defining the burden of proof resting upon the plaintiff to make out her case under the Tenure Act to be a statement of substantially the same principle, or at least to be implicit in it.

7. Defendant made timely written request for a charge that the City Council "has the unrestricted right to bona fide abolish any position held by a permanent employee . . . and if you should not believe from a preponderance of the evidence that the abolition of her position was resorted to as a subterfuge to discharge her, then she would not be entitled to recover." The request was refused and defendant excepted on the ground that the request was correct as an abstract principle of law and was directed to the sole issue in the case. We regard the general charge as having adequately covered this principle, and find no error.

8. Defendant made another request in slightly different form, asking that the court charge that the plaintiff's right to recover was based squarely upon Section 10 of the Tenure Act and that if the jury should not believe from a preponderance of the evidence that the abolition of her position was a subterfuge for the purpose of discharging her, she could not recover. Again, we think the general charge was adequate to cover this matter, and find no error.

9. Defendant cross appealed, enumerating as error the refusal of the trial court to direct a verdict for the plaintiff on the issue of liability. Inasmuch as we are affirming in the main appeal, the question raised on the cross appeal becomes moot, and it is dismissed.

*Judgment in the main appeal affirmed; cross appeal dismissed. Deen and Clark, JJ., concur.*

ARGUED MAY 25, 1972—DECIDED JULY 7, 1972.

*Samuel F. Maguire, Andrew J. Kilpatrick, II,* for appellant.

*W. T. Mobley,* for appellee.