23260. CLINE v. SCHUSTER.

Argued December 15, 1965—Decided January 10, 1966.

Poole, Pearce & Cooper, William F. Lozier, for appellant.
Claude R. Ross, Edwin W. Ross, Ross & Finch, Baxter H. Finch, for appellee.

Almand, Justice. The appellant, Andrew V. Cline, and the appellee under a written partnership agreement did business under the trade name of Atlanta Curtain Company from January, 1956, to December 20, 1960, when the partnership was

mutually dissolved and its assets distributed by written agreement. On February 16, 1962, Cline brought his equitable petition seeking to reform the liquidation agreement of December 20, 1960, on the ground of a mutual mistake in that "at the time of the said settlement agreement dated December 20, 1960, was executed, and at the time the January 2, 1961, memorandum agreement was executed, petitioner and defendant overlooked and failed to take into account an obligation of the partnership to petitioner in the amount of $15,000, which was a cash loan by petitioner to the partnership on January 6, 1956, which loan had never been and has never been repaid by the partnership to petitioner, and defendant has never paid his part of same, plus interest for year of 1960 at 5% or $750, making a total of $15,750." The petition asked that such agreement be reformed so as to charge defendant with and require of defendant the payment of $6,262.72 to Cline. The defendant's answer denied all of the material allegations of the petition. At the conclusion of the introduction of evidence by both parties, the court directed a verdict for the defendant, and judgment was entered. Cline filed a notice of appeal and the errors enumerated in this case are the direction of the verdict and rulings antecedent to the verdict.

■ It is asserted that the court erred in sustaining the objection of the defendant to the following question propounded to the appellant: "Mr. Cline, had you remembered the $15,000 loan at the time this partnership was terminated, would you have terminated it on the basis the termination was effected?" The objection of the appellee was that the question called for a speculative and conjectural answer; that it was incompetent and inadmissible, the dissolution agreement being the highest and best evidence. It was not error to sustain the objection.

■ At the conclusion of the evidence the plaintiff (appellant here) sought to amend his petition by adding "Count No. 2." The proposed amendment adopted all the material allegations of the original petition. He alleged that he had overlooked the $15,000 loan and the defendant (appellee) knew about the loan and was under a duty at the time the dissolution was executed to inform the appellant of this omission.

The court did not err in striking the amendment. The following Code sections are applicable here. "Equity will not reform a written contract, unless the mistake is shown to be the mistake of both parties; but it may rescind and cancel upon the ground of mistake of fact material to the contract of one party only." *Code* § 37-207. "Ignorance by both parties of a fact shall not justify the interference of the court; nor shall a mistake in judgment or opinion merely as to the value of property authorize such interference." *Code* § 37-210. "If a party, by reasonable diligence, could have had knowledge of the truth, equity shall not relieve; nor shall the ignorance of a fact, known to the opposite party, justify an interference, if there has been no misplaced confidence, nor misrepresentation, nor other fraudulent act." *Code* § 37-211. "The negligence of the complaining party, preventing relief in equity, is that want of reasonable prudence, the absence of which would be a violation of legal duty." *Code* § 37-212. At the time the amendment was tendered, the evidence before the court disclosed that the books and records of the partnership were kept by the appellant, and there was an entry of the $15,000 loan by Cline to the partnership on January 6, 1956; that Cline's attorney, and Schuster's attorney, had these partnership records when the dissolution agreement was prepared in the office of Cline's attorney; that Cline, Schuster and their attorneys discussed in full several times the terms of the agreement. The dissolution agreement executed on December 20, 1960, recited: "This agreement is in full settlement of all rights and obligations of the parties under said partnership agreement dated January 1956." Cline testified that he had "overlooked" the $15,000 loan, and Schuster testified that he thought the $15,000 had been taken care of on the settlement of the partnership.

There was nothing in the evidence to show any fraud, artifice or concealment on the part of Schuster. Both parties knew of the loan. The books were kept by Cline, and the slightest diligence on his part would have prevented his "overlooking" this debt by the partnership.

■ The court did not err in directing a verdict for the defendant. The evidence demanded a finding that the failure

656

to list the $15,000 loan as a part of the partnership settlement was not by the mistake of both parties, and the appellant, having kept the books of the partnership and participated in the preparation of the dissolution agreement, could have by reasonable diligence discovered the absence of the indebtedness from the dissolution settlement. See *Brooks v. Northwestern Mut. Ins. Co.*, 193 Ga. 522 (18 SE2d 860); *Prince v. Friedman*, 202 Ga. 136 (42 SE2d 434).

*Judgment affirmed. All the Justices concur.*