### 42156. ROBERTS v. BRADLEY.

EBERHARDT, Judge. A petition alleging that plaintiff was invited to the home of defendant for a New Year's Eve party, the weather being cold, rainy, freezing, and ice forming on the ground, and that after arriving plaintiff and defendant left by way of the back door to go across the yard to a neighbor's home, defendant preceding plaintiff down the back steps of concrete with ice formed thereon, and that when plaintiff stepped on the top step he slipped, fell and was injured, fails to set out a cause of action. Construing the petition against the plaintiff on demurrer, it must be assumed that he knew of the weather conditions and that the steps, being exposed thereto, were covered with ice. *Banks v. Housing Authority of the City of Atlanta,* 79 Ga. App. 313 (53 SE2d 595). There is no duty to warn of the obvious, or of that which the plaintiff already knew or should have known. *Gibson v. Consolidated Credit Corp.,* 110 Ga. App. 170, 179 (138 SE2d 77);

*Lacy v. City of Atlanta,* 110 Ga. App. 814 (2) (140 SE2d 144); *Y.M.C.A. v. Bailey,* 112 Ga. App. 684, 698 (146 SE2d 324). Cf. *Cline v. Schuster,* 221 Ga 653 (2) (146 SE2d 732). That plaintiff was beckoned by defendant to follow him down the steps does not alter the rule. "A person cannot undertake to do an obviously dangerous thing, even though directed by another . . . without assuming the risks incident thereto, and without himself being guilty of such lack of due care for his own safety as to bar him from recovery if he is injured. . . ." *Fricks v. Knox Corp.,* 84 Ga. App. 5, 10 (65 SE2d 423).

Judgment affirmed. *Bell, P. J., and Jordan, J., concur.*

SUBMITTED JULY 7, 1966—DECIDED SEPTEMBER 6, 1966.

*Northcutt & Edwards, Ken Doss,* for appellant.
*Powell, Goldstein, Frazer & Murphy, Edward E. Dorsey, John T. Marshall,* for appellee.