## 42906. CHRISTIAN v. VARGAS.

ARGUED JULY 5, 1967—DECIDED SEPTEMBER 5, 1967— REHEARING DENIED SEPTEMBER 22, 1967.

*Lipshutz, Macey, Zusmann & Sikes, Robert A. Elsner, J. Timothy White,* for appellant.

*Long, Weinberg & Ansley, Ben L. Weinberg, Jr., John K. Dunlap, Nick Lambros,* for appellee.

FELTON, Chief Judge. "It is essential in order to maintain an action based on negligence that there be pleaded and proved the following elements: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) *a legally attributable causal connection between the conduct and the resulting injury;* and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty." *Shepherd v. Whigham,* 111 Ga. App. 274 (2a) (141 SE2d 583). (Emphasis supplied.) Assuming the defendant's duty to protect the plaintiff against unreasonable risks of harm under the circumstances alleged and proved, the pleadings and the evidence do not show a breach of such duty. It appears that, although Campbell had been requested, and on one occasion forced, to leave the premises on account of his excessive drinking, cursing and profanity, the defendant had never known him to engage in fighting or other activities foreseeably dangerous to his other customers. This being so, Campbell's being served intoxicating beverages (as to which the evidence was conflicting), even despite the defendant's instructions to the contrary and the fact that Campbell may have had something to drink prior to entering the premises, would not necessarily be negligence. See *United Theatre Enterprises v. Carpenter,* 68 Ga. App. 438, 441 (23 SE2d 189). It also appears that, as soon as Campbell's behavior reached the point of becoming apparently or potentially dangerous, Mrs. Vargas, who was in charge of the restaurant during the night and early morning, called her husband, the defendant, who got there in about 10 minutes, then called the police, who arrived shortly after the defendant, then had one or more of her male employees "help" Campbell outside the front door, the sole exit. Even then, Mrs. Vargas testified that her reason for getting Campbell out was the embarrassment he caused, rather than any apparent danger to the customers. Even if the defendant's duty extended, by

virtue of *Code* § 105-401, outside the door and to its approaches and the public sidewalk, in which general area the injury was incurred, the evidence shows that the plaintiff had as good an opportunity to apprehend any danger as the defendant, or better, and that he had room enough to get around the group of persons outside the door. There is no duty to warn of the obvious, or of that which the plaintiff already knew or should have known. *Y. M. C. A. v. Bailey*, 112 Ga. App. 684, 698 (9) (146 SE2d 324). Certainly, the defendant could not lawfully forcibly detain the plaintiff in the restaurant against his will.

Even further assuming, however, that the defendant somehow breached a duty to the plaintiff, there is missing the essential element of "a legally attributable causal connection between the conduct and the resulting injury." The petition alleges that *at the time* Campbell walked outside the door 10 to 15 persons were gathered there and that a melee *was in progress*. Construed most strongly against the pleader, or even just construed literally, this alleges that there was already a melee in progress when Campbell walked out the door. This eliminates all the alleged negligence with reference to Campbell, since the melee had commenced before he got outside the door. Furthermore, neither the petition nor the evidence showed that Campbell was present during, or contributing to, the fracas or the plaintiff's injuries. The plaintiff testified that he did not see Campbell in the crowd and neither he nor any other witness could identify his unknown assailant. The plaintiff testified that after he saw the altercation in progress, he stayed around for at least several seconds to see if an acquaintance of his was involved therein. Although this does not demand a finding that the plaintiff wilfully involved himself in the fight, it at least shows that he unnecessarily exposed himself to a situation which he knew, or in the exercise of ordinary care should have known, to be dangerous, and thereby assumed the risks involved.

The pleadings and evidence raised no issue of material fact; therefore, the court did not err in its judgment granting the defendant's motion for a summary judgment.

*Judgment affirmed. Hall and Eberhardt, JJ., concur.*