## 51163. SIMMONS v. CLASSIC CITY BEVERAGES, INC. et al.

EVANS, Judge.

Aubrey Eugene Simmons injured his back while working as a deliveryman for a beer distributor. His duties included lifting and placing kegs of beer in a refrigerator at an establishment in Athens, Clarke County, Georgia, known as Pedro's. (It was later learned that Pedro's legal name was Manuel Leon, d/b/a Manuel's Mexican Foods.) He contends that Classic City Beverages, Inc., another beer distributor, had installed a third keg of beer in a two-door draft beer refrigerator, and the kegs were of different size and shape than those plaintiff was handling, and the new kegs were heavier. As the refrigerator was designed to hold only two kegs of beer at one time, he found it necessary to move the beer keg of Classic City, which resulted in injury to his back.

Simmons sued Classic City and Manuel Leon (Pedro's) and contended they were negligent in installing a third keg of draft beer in a two-keg cooler, thus requiring him to lift the newer and heavier kegs to make way for the kegs of his employer, whereby his back was injured.

After discovery, both defendants moved for summary judgment and same was granted. Plaintiff appeals. *Held:*

1. A party opposing a motion for summary judgment is to be given the benefit of all reasonable doubts in determining whether genuine issues of fact exist. The lower court in construing the evidence must give the party opposing the motion the benefit of all favorable inferences

that may be reasonably drawn from the evidence. *Capitol Auto Co. v. General Motors Acceptance Corp.,* 119 Ga. App. 186 (1) (166 SE2d 584); *Wood v. Brunswick Pulp &c. Co.,* 119 Ga. App. 880 (169 SE2d 403); *Candler General Hospital, Inc. v. Purvis,* 123 Ga. App. 334, 335 (181 SE2d 77).

2. It is the general rule that ordinarily issues of negligence are not susceptible to summary adjudication, but should be resolved by a trial before a jury. *Southern R. Co. v. Floyd,* 119 Ga. App. 605, 606 (168 SE2d 197); *Rich's, Inc. v. Waters,* 129 Ga. App. 305 (199 SE2d 623). See also in this connection, *Wakefield v. A. R. Winter Co.,* 121 Ga. App. 259 (174 SE2d 178), which clearly holds that issues of negligence including such relevant issues as assumption of risk, lack of ordinary care for one's own safety, lack of ordinary care in avoiding the consequences of another's negligence, and comparative negligence are also ordinarily not susceptible to summary adjudication either for or against the complainant.

3. The sole issues here are whether defendants were negligent, and if so, whether plaintiff by exercise of ordinary care could have avoided the consequences of such negligence. Code § 105-603. Or to take it one step further, as this is on summary judgment, and as negligence is almost always an issue for the jury to determine, was there a jury issue on the question of negligence and avoidance thereof?

4. The plaintiff went into the situation with his eyes wide open. He saw the whole picture; he had the opportunity to measure the risks, if any, and was under no compulsion to overexert or strain himself if lifting the heavier crate, in his judgment, might cause him injury. Every adult is presumed to be endowed with normal faculties, both mental and physical. *Holcombe v. State,* 5 Ga. App. 47 (4) (62 SE 647). If his foreman or superintendent had given him some excuse for not using his normal judgment, such as urging him to hurry, etc., there might be some excuse for his failure to exercise his good judgment and he might be excused from not backing away from the dangerous situation. But there was no such situation in existence. He did it all on his own volition, unhurried and under no coercion.

5. If this were a workmen's compensation case, it would present a simple question and would have to be decided for the plaintiff. But it is a common law negligence case, and this writer, who has little love for motions for summary judgment, and a passion for the jury's right to determine all issues of fact, including negligence, reluctantly affirms the lower court in granting defendants' motions for summary judgment.

*Judgment affirmed. Deen, P. J., and Stolz, J., concur.*

ARGUED SEPTEMBER 10, 1975 — DECIDED OCTOBER 15, 1975.

*Cook, Pleger & Noell, J. Vincent Cook, Henry G. Garrard, III,* for appellant.

*Erwin, Epting, Gibson & McLeod, Gary Blasingame, Long, Weinberg, Ansley & Wheeler, Sidney F. Wheeler, Edward C. Stone,* for appellees.

