## 52379. INDIAN TRAIL VILLAGE, INC. v. SMITH.

STOLZ, Judge.

This appeal arises out of an alleged breach of contract. The contract in question was executed on March 30, 1972, by the defendant, W. Sam Smith. It provided for the sale of a tract of land in Gwinnett County from the defendant to Gilbert Addicks and Samuel G. Friedman, Jr. The material provisions in the contract which are in issue are as follows: "[5] (b) That on or before ninety (90) days from the date of closing, Seller will cause to be constructed a water main to the property line of Property.

17. *Sewer Easement.* Purchaser shall grant to Seller an easement for the construction of and maintenance of a sewer, such easement to be: (a) 30 feet in width during construction; (b) 10 feet in width subsequent to construction and (c) along the southwest boundary of Property. 18. *Sewer Treatment Plant.* At or before closing, Seller will furnish Purchaser with copies of permit issued by proper authority to construct a sewage treatment plant according to plans and specifications approved by the Georgia Water Quality Control Board and by Gwinnett County together with assurance satisfactory to said authorities assuring completion of the plant. Such sewage plant shall have adequate capacity to serve Property for the use for which it is zoned, and Seller assures that upon completion of construction the plant will be conveyed to Gwinnett County and that Gwinnett County will assume complete responsibility for its operation and maintenance subject to normal sewer charges made by the county. In order to assure completion, Seller will at Seller's expense, furnish Purchaser with a copy of the contract ("Contract") for the construction of such sewer treatment plant and will provide the following: (1) A letter of credit, issued by a National Bank in Atlanta, in favor of the Contractor and the Bonding Company. The purpose of this letter of credit is to assure payment of the contract price upon completion of all work required by the Contract. (2) A payment and performance bond ("Bond") arranged by Johnson & Higgins, issued by a bonding company licensed to do business in the State of Georgia. Bond shall: (a) be in the amount of the Contract, (b) be for both payment and performance and (c) be in favor of Purchaser, Seller and Gwinnett County."

Nowhere in the contract did it specifically say that the defendant was to construct the sewage treatment plant or did it set a date for the plant's completion.

The sale of the property was consummated on April 21, 1972, with Smith's obligations surviving the closing. Subsequently, Addicks and Friedman conveyed the property and assigned all rights to the plaintiff. The defendant continuously refused to commence the actual construction of the facilities even though the plans and specifications therefor had long been finalized.

On December 22, 1972, the plaintiff and defendant entered into an agreement wherein the defendant acknowledged his inability to construct the facilities specified in the contract, and, accordingly, transferred certain plans, easements, and drawings to the plaintiff in order to facilitate construction of the facilities by the latter. This agreement did not release the defendant from any of his liabilities or obligations under the original contract. The plaintiff began construction of the facilities in June of 1973, and finally completed construction in the summer of 1974.

On December 11, 1973, the plaintiff brought suit for damages based on breach of contract. The plaintiff's motion for partial summary judgment was denied.

In June 1975, the defendant filed a motion for summary judgment, subsequent to which the plaintiff amended its complaint by adding a Count 2 seeking restitution of part of the purchase price of the land due to the defendant's refusal to build the facilities in question. On January 29, 1976, summary judgment was granted in favor of the defendant on the original complaint (Count 1 of the amended complaint). This appeal followed.

1. It is initially noted that this case is still pending in the court below due to the fact that Count 2 of the plaintiff's amended complaint has not yet been decided below. Although it is true that an appeal is premature where the case remains pending, the grant of a summary judgment is an exception to the rule requiring a final judgment in order to appeal. Code Ann. § 81A-156 (h) (Ga. L. 1975, pp. 757, 759); *Whisenhunt v. Allen Parker Co.*, 119 Ga. App. 813 (168 SE2d 827). Thus we proceed with an adjudication of the merits of the case.

2. The Civil Practice Act § 56 (c), Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660; 1967, pp. 226, 238; 1975, pp. 757, 759), provides for summary judgment when the evidence shows "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law . . ."

"Summary judgment should be granted only in those cases where the undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached." *Stukes v. Trowell,* 119 Ga. App.

651 (168 SE2d 616). "In motions for summary judgment, the evidence must be construed most favorably toward the party opposing the grant of same; and most unfavorably toward the party applying for the motion for summary judgment. All inferences and conclusions which arise from the evidence must be likewise construed." *Tipton v. Harden,* 128 Ga. App. 517 (4) (197 SE2d 746). Construing the contract most favorably toward the plaintiff, we find that the facts in support of the defendant's contentions are not so "undisputable, plain and palpable" as to support a summary judgment for the defendant.

3. Paragraph 5(b) of the contract provides, "That on or before ninety (90) days from the date of closing, Seller will cause to be constructed a water main to the property line of Property." Giving words their usual and common meanings, Code Ann. § 20-704, Par. 2, we can only hold that this clause required the defendant, at his expense if necessary, to provide the water main.

4. In regard to the contractual provisions governing the sewerage system, the interpretation is somewhat more difficult. It is the defendant's contention that this contract is too ambiguous to be enforced. However, simple ambiguity does not render a contract unenforceable if the ambiguity can be explained from the attendant and surrounding circumstances. Code Ann. § 20-704, Par. 1. To interpret this contract the court must consider evidence concerning the intentions of the parties. Code Ann. § 20-702; *Southeastern Hwy. Contracting Co. v. State Hwy. Dept.,* 130 Ga. App. 160 (202 SE2d 520); *Verdery v. Withers,* 30 Ga. App. 63 (116 SE 894). Evidence of the construction placed upon the contract by the parties (*Scruggs v. Purvis,* 218 Ga. 40 (126 SE2d 208)) and the circumstances in which the contract was executed (*Mosteller v. Mashburn,* 64 Ga. App. 92 (12 SE2d 142)), should also be considered. Numerous contracts have been held sufficiently definite even though the exact specifications and details of the obligations are not set forth with acute precision. *Farkas v. Cohn & Son,* 19 Ga. App. 472 (91 SE 892); *Hanson v. Stern,* 102 Ga. App. 341 (116 SE2d 237). Judicial analysis must be governed by the postulate that the law does not favor the destruction of contracts on the grounds of uncertainty or ambiguity.

*Milton Frank Allen Publications, Inc. v. Ga. Assn. of Petroleum Retailers,* 219 Ga. 665 (135 SE2d 330); *Sunshine v. Ben F. Levis, Inc.,* 86 Ga. App. 746 (72 SE2d 485); *Leffler Co. v. Dickerson,* 1 Ga. App. 63 (57 SE 911).

These rules of construction for both summary judgments and ambiguous contracts, when applied to the facts of this case, clearly indicate that there was not enough evidence to support the defendant's motion for summary judgment.

*Judgment reversed. Bell, C. J., and Clark, J., concur.*

ARGUED JULY 12, 1976 — DECIDED SEPTEMBER 29, 1976.

Alston, Miller & Gaines, William C. Humphreys, Jr., Peter Q. Bassett, for appellant.

Dennis, Corry, Webb, Carlock & Williams, Robert E. Corry, Jr., Wade K. Copeland, for appellee.