### 63211. CAMPBELL et al. v. SOUTHERN BELL TELEPHONE & TELEGRAPH COMPANY et al.

SHULMAN, Presiding Judge.

On April 7, 1976, a Southern Bell employee installed a telephone at the Campbell residence, one unit of a duplex owned by appellee O. Lynn Gammage. The Bell employee parked his service van on the concrete parking area adjacent to the duplex and, in order to have access to his equipment, opened the doors of the van on the side closest to the building. At least 30 minutes after the arrival of the Bell employee, Angela Campbell, then nearly four years old, went outdoors to ride her bicycle on the concrete parking area. The bicycling child attempted to return to her home by riding on the concrete between the Bell van and the grassy area immediately adjacent to the duplex. The bicycle hit the opened side door of the van causing the front of the bicycle to veer off the pavement and into the grass (an approximate six-inch drop-off). Falling off the bicycle, Angela struck her face and eye on an uncovered water spigot protruding from the duplex. Angela, by next friend, brought suit against appellees for negligence, and her father, Roger Campbell, sued to recover the medical expenses incurred by him due to his daughter's injury. After appellants presented their case at trial, the trial court granted Southern Bell's motion for a directed verdict and dismissed the action against appellee Gammage for lack of venue.

This appeal arises from those rulings. Although mindful of and sympathetic to the trauma this child has undergone as a result of the unfortunate incident, we must affirm the trial court's rulings. The evidence and the law with all reasonable deductions demanded the direction of a verdict in favor of Southern Bell. Code Ann. § 81A-150 (a).

1. " 'It is essential in order to maintain an action based on negligence that there be pleaded and proved the following elements: (1) a legal duty to conform to a standard of conduct raised by the law for the protection of others against unreasonable risks of harm; (2) a breach of this standard; (3) a legally attributable causal connection between the conduct and the resulting injury; and (4) some loss or damage flowing to the plaintiff's legally protected interest as a result of the alleged breach of the legal duty.' " *Christian v. Vargas,* 116 Ga. App. 359, 361 (157 SE2d 308).

Appellants maintain that Southern Bell, through its employee, breached duties owed Angela: it obstructed the approach to her home without leaving an alternate paved route, and it failed to exercise ordinary care in the construction and maintenance of its wires, poles, transformers and equipment. This court is unaware of any authority imposing a duty on one whose vehicle is parked in a parking area to provide a paved alternate route around the vehicle to a dwelling place, and we are unwilling to establish such a duty in the present case. We further note that Angela was aware of an alternate path to her home — when she had brought her bicycle outdoors, she had safely walked across a grassy area (thereby avoiding the Bell van) and reached the concrete area on which she commenced riding.

2. Southern Bell has a duty to use ordinary care in the construction and maintenance of its equipment. See *Collins v. Altamaha Elec. Membership Corp.,* 151 Ga. App. 491 (260 SE2d 540). Assuming arguendo that the parking of a service van with its side doors open at the place a residential telephone is being installed qualifies as maintenance of equipment (compare *Collins,* supra; *Southern Bell &c. Co. v. Whiddon,* 108 Ga. App. 106 (132 SE2d 237)), it cannot be said that there is a "legally attributable causal connection" between that conduct and the resulting injury.

The above is especially true in this case where the Southern Bell employee was not aware of the presence of bike-riding children or the exposed water spigot when he opened the side doors. "Questions of negligence, diligence, contributory negligence, and proximate cause are peculiarly matters for the jury, and a court should not take the place of a jury in solving them except in plain and indisputable cases. [Cits.] Negligence is predicated on what should have been anticipated rather than on what happened. [Cits.] And one is not

bound to anticipate or foresee and provide against that which is unusual or that which is only remotely or slightly probable. [Cits.] ... We think clearly and indisputably that [this injury] was not reasonably foreseeable and, therefore, no negligence on the part of the defendant appears." *Bolden v. Barnes,* 117 Ga. App. 862, 864 (162 SE2d 307). See also *Wright v. Shoney's of Savannah,* 141 Ga. App. 362 (233 SE2d 474).

3. Appellants cite as error the trial court's grant of appellee Gammage's motion to dismiss for improper venue. At the time the action was filed in DeKalb County, Gammage was a resident of Polk County and when the resident defendant, Southern Bell, was granted a directed verdict, the grant of Gammage's motion to dismiss on venue grounds was proper. *Allen v. College Street Church of God,* 135 Ga. App. 233 (2) (217 SE2d 196).

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 11, 1982.

*Charles Allen, Michael Mears, Ralph E. Merck, G. E. Massafra,* for appellants.

*R. Phillip Shinall III, Joseph N. Anderson, C. Stephen Malone,* for appellees.