## 64760. MALVAREZ v. GEORGIA POWER COMPANY et. al.

BANKE, Judge.

As the appellant's husband was removing an aluminum ladder from the side of an apartment building on which he was performing maintenance work, he was electrocuted by a discharge of current from high-voltage power lines owned by the appellee, Georgia Power Company. Appellant sued for wrongful death, contending that Georgia Power had installed and maintained the lines in a negligent manner and that this alleged negligence was the proximate cause of her husband's death. This appeal is from a grant of summary judgment to the power company. The case remains pending below against two other defendants, whose liability is predicated on their alleged negligence in maintaining and managing the apartments.

In support of its motion for summary judgment, Georgia Power submitted an affidavit showing that the lines were strung at a horizontal distance of 8'2" from the side of the building. It was further shown that the "phase-to-ground" voltage of the circuit was 11.4 kilovolts and that the minimum clearance required for such a line by the National Electric Safety Code (NESC), which sets forth the industry standard for clearances between buildings and electrical conductors, was eight feet.

In response to the motion for summary judgment, the appellant submitted the affidavit of a land surveyor who maintained that at some time in the past the line had been located no more than 7.26 feet from the side of the building; however, no evidence was presented to show that the lines were moved subsequent to decedent's death. The appellant also presented the affidavit of a licensed professional engineer to the effect that the building had a 1'8" eave, or gutter overhand, and that this constituted part of "the building and its attachments" within the meaning of the NESC. Taking this overhang into account, and assuming the correctness of the power company's own measurements, he concluded that the actual clearance was only 6'6". *Held:*

1. One of the grounds on which the trial court granted summary judgment was the fact that no one had provided the power company with notice, as required by Code Ann. § 34B-201 et seq. (now OCGA § 46-3-30 et seq.), that tools or equipment were going to be used within 8' of its lines. Due to an apparent conflict in the authorities, we certified to the Supreme Court the question of whether the failure to provide such notice would insulate the power company from liability as a matter of law. The Court responded in the negative, holding as follows: "One whose injury is caused by negligent installation or maintenance of high-voltage lines, even where such injury occurs

while engaged in acts enumerated in OCGA § 46-3-32 (Code Ann. § 34B-203) within eight feet of the lines, is not barred by failure to give notice." *Malvarez v. Ga. Power Co.,* 250 Ga. 568, 569 (300 SE2d 145) (1983). We consequently proceed to the question of whether the evidence of record negates the appellant's allegation that the lines were negligently installed or maintained.

2. The duty owed by the power company was to maintain the lines "in such a manner and at such a location as not to injure persons who might be reasonably expected to come in contact with such lines." *Carden v. Ga. Power Co.,* 231 Ga. 456, 456-457 (202 SE2d 55) (1973). In view of the evidence that the accepted industry standard required a clearance of no less than eight feet and the testimony of the appellant's expert to the effect that the clearance was in fact less than eight feet, we cannot conclude as a matter of law that the appellee complied with this duty. Similarly, we cannot conclude as a matter of law that the type of activity in which the decedent was engaged was unforeseeable, nor can we conclude from the evidence that the decedent's own negligence was the proximate cause of his death. It is axiomatic that issues of negligence, assumption of risk, contributory negligence, and comparative negligence are not susceptible of summary adjudication except in plain, palpable and indisputable cases. See generally *Kitchens v. Winter Co. Builders,* 161 Ga. App. 701 (1) (289 SE2d 807) (1982). The trial court erred in granting motion for summary judgment to the appellee based on the evidence of record in this case. See generally *Epps Air Service v. DeKalb County,* 147 Ga. App. 195, 196 (248 SE2d 300) (1978); *Henderson v. Atlanta Transit System,* 133 Ga. App. 354, 356 (1) (210 SE2d 845) (1979).

*Judgment reversed. McMurray, P. J., and Carley, J., concur. Birdsong, J., disqualified.*

DECIDED MAY 2, 1983.

*Harold D. Corlew, R. Douglas Lackey,* for appellant.
*Herbert D. Shellhouse, Robert L. Pennington, Joe C. Freeman, Jr., Kevin C. Greene,* for appellees.