65617. HOLBROOK et al. v. PRESCOTT et al.

</div>

CARLEY, Judge.

Appellant-plaintiff Mrs. Holbrook and several others were in attendance at a party being held at appellee-defendants' place of business which is known as Wet Willy's. Wet Willy's is an establishment in the nature of an amusement park consisting of three water slides. After paying an admission fee, patrons of Wet Willy's are provided mats upon which to sit and slide down into a large pool of water. Patrons are advised by posted sign that sliding will be at their "own risk." Mrs. Holbrook had been to Wet Willy's or similar water slides on previous occasions. On the date in question, someone in Mrs. Holbrook's party suggested that they form a "train" and slide down in tandem. Although Mrs. Holbrook had participated in a "train" on one previous occasion, apparently, she was somewhat apprehensive about such an arrangement. However, Mrs. Holbrook was reassured by appellees' employee that no one would be hurt. With the assistance and direction of appellees' employee, the members of Mrs. Holbrook's party began to arrange themselves on overlapping mats at the top of the water slide. Appellees' employee announced that he would stop the flow of water down the slide and, according to Mrs. Holbrook, the water did stop flowing while the "train" assembled itself. When the "train" had formed, appellees' employee "let the water go, and he said, 'All right, go.' " According to Mrs. Holbrook, as the result of the sudden release of the blocked water, the "train" proceeded down the slide at a seemingly "much faster" rate of speed than the one in which she had previously participated. When the "train" reached the bottom of the slide and entered the pool, Mrs. Holbrook suffered a broken leg.

Appellants, Mr. and Mrs. Holbrook, instituted the instant action to recover for the damages arising out of and in connection

with the injuries sustained by Mrs. Holbrook. Appellees answered and, after taking Mrs. Holbrook's deposition, moved for summary judgment. A hearing was held and the trial court granted appellees' motion. It is from this order that appellants appeal.

It is the sole contention of appellees that any recovery for the broken leg is barred by Mrs. Holbrook's failure to exercise ordinary care for her own safety and by her assumption of the risk. "The business invitee on private premises assumes the risk of danger of which he knows about and fully comprehends, or which is sufficiently obvious. [Cit.]" *Amear v. Hall,* 164 Ga. App. 163, 169 (296 SE2d 611) (1982). "That which a plaintiff may not do without barring himself from recovery is to accept a risk so obvious that taking it amounts to failure to exercise ordinary care for his own safety, [cit.], or recklessly to test an observed and clearly obvious peril, [cit.]" *Kreiss v. Allatoona Landing,* 108 Ga. App. 427, 437 (133 SE2d 602) (1963). " 'A person cannot undertake to do an obviously dangerous thing, even though directed by another . . . without himself being guilty of such lack of due care for his own safety as to bar him from recovery if he is injured . . .' [Cit.]" *Roberts v. Bradley,* 114 Ga. App. 262, 263 (150 SE2d 720) (1966). "An act of contributory negligence or an error in judgment is not necessarily an assumption of risk ([cit.]), *and the rule does not extend to assuming the risk of the negligent act of another.* [Cit.]" (Emphasis supplied.) *Owens-Illinois v. Bryson,* 138 Ga. App. 78, 79 (225 SE2d 475) (1976).

With specific regard to amusement park rides, such as that involved in the instant case, the following is applicable: "Where it appeared from the passenger's testimony . . . that she was familiar with the operation of roller coasters in general and in particular with the 'Wild Mouse,' a sort of roller coaster the method of operation of which she had observed before boarding it and upon which she was injured; *that it was operated no differently on the occasion of her ride; that the passenger was not injured as a result of obscure or unobservable risks, unexpected dangers or unseen defects engendered by defendant's negligence in the design, construction, maintenance or operation of the device but as a result of natural and obvious hazards necessary to the purpose of the device;* and that the defendant had no actual knowledge of the passenger's position of peril, a summary judgment for the defendant was demanded under the assumption of risk doctrine . . ." (Emphasis supplied.) *Atlanta Funtown v. Crouch,* 114 Ga. App. 702 (3) (152 SE2d 583) (1966).

Application of the aforecited legal principles to that construction of the evidence which is most favorable for appellants demonstrates the following: Mrs. Holbrook clearly assumed the risk of the "natural and obvious hazards" connected with the use of

appellees' water slide. However, it appears that neither the issue of what "risk" factor the actions of appellees' employee may have played in Mrs. Holbrook's resulting injury nor the concomitant issue of whether Mrs. Holbrook assumed any risk occasioned thereby has been eliminated from the case so as to authorize the grant of summary judgment to appellees. It is not established that stopping and then restarting the water flow — which Mrs. Holbrook asserts, without contravention, occurred with the result that she took a "much faster" than usual descent down the slide — was not an act of negligence in the "operation of the device" which resulted in an "unexpected danger or unseen defect" of excessive speed and which act of negligence was the proximate cause of Mrs. Holbrook's broken leg. If the actions of appellees' employee with regard to the formation of the "train" resulted in a greater risk to patrons than the usual and obvious risks of using the water slide generally and Mrs. Holbrook was not aware of that greater risk and was injured as the proximate result of subjecting herself to it — all factors which are not negated under the record before us — a recovery by appellants would not be barred. "Generally, the participants in games such as golf, baseball, football, etc., assume the risk of dangers inherent in the games and cannot recover from a fellow participant because of injury suffered. [Cit.] . . . However, where an act is about to take place (even an unlawful act such as would constitute negligence per se) which would involve risk of injury, and *the intention of the actor is known and the risk is known and by free choice is assumed,* there can be no recovery if injury results. [Cit.]" (Emphasis supplied.) *Gregory v. Hester,* 123 Ga. App. 406, 409 (181 SE2d 104) (1971). "The general rule is that *where one voluntarily and knowingly takes a risk involving imminent danger* he is precluded from recovery by reason of another's negligence." (Emphasis supplied.) *Bryant v. Pittman,* 101 Ga. App. 842, 844 (115 SE2d 418) (1960).

As discussed above, the record in the instant case reveals that there remain genuine issues of material fact which must be resolved by a jury. Therefore, "summary judgment was not warranted." *Jones v. Crown Constr. Co.,* 152 Ga. App. 578, 580 (263 SE2d 460) (1979).

*Judgment reversed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 11, 1983.

*Winship E. Rees,* for appellants.
*Stanley T. Snellings,* for appellees.