## 75545. LORIE et al. v. STANDARD OIL COMPANY et al.

(368 SE2d 765)

Pope, Judge.

Plaintiff Rudolfo Lorie instituted the present action seeking damages for injuries he allegedly sustained during an attempted rescue of an excavation worker who was trapped when the pit he was working in collapsed. Plaintiff's wife, Mirta Lorie, also sought damages for loss of consortium.

The record shows that on March 10, 1984 defendants were in the process of digging a pit in order to install underground gasoline tanks in the parking lot of a gasoline service station in Savannah, Georgia. Lorie, an army medic, was employed part-time at the service station, but was not involved in the excavation project. Upon apprehending that a cave-in had occurred, Lorie ran to the pit, got down on all fours, looked down into the hole, and then jumped down onto one of the gasoline storage tanks, where he was either hit on the head by a falling object or hit his head on something in the pit. Both Lorie and the trapped worker, who was rescued by employees of defendants, were taken to a nearby hospital where Lorie was treated and released. The treating physician characterized Lorie's injury as a "superficial abrasion."

Lorie, however, continued to experience both physical and emotional difficulties and was subsequently diagnosed as having suffered organic brain damage. Lorie presented evidence at trial that these

continuing problems caused him to leave the army and to have trouble in maintaining employment. On the other hand, defendants presented evidence tending to show that Lorie's emotional difficulties pre-dated his injury, that Lorie was exaggerating his mental and emotional problems and that the superficial laceration he received during the attempted rescue of the trapped worker was insufficient to cause the mental and emotional problems subsequently experienced by him. The jury returned a verdict for Lorie on his damages claim, and against plaintiff Mirta Lorie on her loss of consortium claim, and awarded Rudolfo Lorie $1,650.65 in special damages, $2,301.30 in general damages and $10,000 from each defendant in punitive damages. Plaintiffs appeal and seek a new trial based on alleged errors in the trial court's charge to the jury which they contend resulted in an improper diminishment in the damages awarded.[1]

1. Plaintiff contends that the trial court erred in instructing the jury that he was charged with exercising ordinary care for his own safety in the attempted act of rescue, and argues that the trial court should have instructed the jury that the appropriate inquiry in a rescue situation is whether the rescuer acted heedlessly, rashly or wantonly. In this regard, plaintiff also contends that the trial court erred in charging that, as a rescuer, he could assume the risk in undertaking the rescue attempt. We agree with plaintiff that this enumeration assigning error to the charge of the court has merit.

In the present case the trial court, in pertinent part, instructed the jury as follows: "[A]ll parties in this case had the duty to exercise ordinary care and diligence. Ordinary diligence is that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances. Ordinary negligence means simply the absence or the failure to exercise ordinary diligence. In considering the facts of this case, you may consider what in Georgia is called the rescue doctrine. The rescue doctrine applies when the defendants' negligent acts or omissions have created a condition or situation which involves imminent and urgent peril to life and property. In such instances, those negligent acts or omissions are also negligent in relationship to all others who, in the exercise of ordinary care for their own safety under the circumstances, attempt to rescue the endangered life or property by reasonably appropriate means. I charge you that the plaintiffs cannot recover, regardless of any negligence on the part of either of the defendants, if you find that the plaintiff Rudolfo Lorie is chargeable

---

[1] Although plaintiffs filed a joint appeal, they have posited no argument as to how these alleged errors resulted in or contributed to the jury's verdict against plaintiff Mirta Lorie on her loss of consortium claim. Consequently, the judgment as to plaintiff Mirta Lorie is affirmed and the remainder of this opinion will address plaintiff's arguments only as they relate to plaintiff Rudolfo Lorie's (hereinafter "plaintiff") damages claim.

with assuming the risk involved. One assumes the risk of danger when one voluntarily places oneself in a situation where it is likely to strike. One who recklessly . . . and [sic] observed and clearly obvious danger and who fails to exercise that degree of care which is exercised by ordinarily prudent persons under the same or similar circumstances must be held to have assumed the risk of any resulting injury. I charge you that a person may not heedlessly rush into grave peril of the existence of which he is perfectly aware, and then hold anyone else, whether negligent or not, responsible for the consequences. Such an act of a plaintiff in and of itself amounts to a failure to exercise ordinary care and diligence for his own safety and prohibits any recovery from the defendants. Every person has a duty to exercise ordinary care for his own safety at all times, even before the negligence of another is or should be apparent. If you should determine from the evidence that Rudolfo Lorie failed to exercise ordinary care for his own safety, and that his failure on his part was the sole proximate cause of his injury, the plaintiff could not recover from any of the defendants."

We agree with plaintiff that those portions of the charge cited above failed to make clear to the jury the standard of care applicable to plaintiff as one attempting an act of rescue and that the charge was potentially misleading and confusing to the jury as to the appropriate standard to be applied under such circumstances. "A greater risk of one's person to save life is justified than in the effort to save property only. *Rushton v. Howle*, 79 Ga. App. 360 (53 SE2d 768) [(1949)]. The negligence which causes injury or danger to another is negligence also as to the rescuer, and the latter in an effort to save human life will not be barred on the ground that he did not exercise ordinary care for his own safety or even that he assumed the risk of injury to himself unless his actions are so imprudent and beyond what a person in the same circumstances might be expected to do that they must be classified as reckless or wanton. *Blanchard v. Reliable Transfer Co.*, 71 Ga. App. 843 (32 SE2d 420) [(1944)]. Any means reasonably appropriate to the purpose may be used. There is no issue involved as to assumption of risk, since the doctrine of rescue necessarily contemplates an assumption of the risk inherent in the peril created by the defendants' negligence and allows recovery for injuries thereby incurred, for the reason that the defendants were charged with the duty of anticipating that their negligence might attract rescuers who would necessarily have to assume the dangers inherent in the situation. *Walker Hauling Co. v. Johnson*, 110 Ga. App. 620 (139 SE2d 496) [(1964)]. While it is true that one way the cases have phrased this problem is to say that short of reckless and wanton disregard of the imminent consequences one who attempts a dangerous act to save the life of another is in fact acting within the limits exercised by a person of

reasonable prudence *under the circumstances*, and thus apparently to equate 'ordinary care' with 'lack of wantonness' it is nevertheless true that one does not use ordinary care in the ordinary sense of the word when one jumps in front of an automobile to rescue a child, or into a flooding river to rescue a drowning man, or attempts with his hand to knock aside an apparently insulated line which he nevertheless knows contains electricity. . . . 'Ordinary care' as the term is generally used, is not the criterion in this case so far as this plaintiff was concerned. It might well have misled the jury, especially in connection with the charge on the assumption of risk doctrine, to apply a higher standard of care to [plaintiff's] actions than the circumstances warranted, and since this issue, together with whether the [defendants were] negligent in [digging the pit] are at the very center of the case, . . . the charge constitutes reversible error." *Flowers v. Slash Pine Elec. &c. Corp.*, 122 Ga. App. 254, 258-259 (176 SE2d 542) (1970). See generally *Shugart v. Dept. of Transp.*, 184 Ga. App. 692 (1) (362 SE2d 474) (1987); *Taylor v. Haygood*, 113 Ga. App. 30 (2) (147 SE2d 48) (1966).

2. We would also note, however, in an effort to avoid error on any retrial, that we disagree with plaintiff's contention that the trial court should have omitted entirely its instruction to the jury on comparative negligence. Issues concerning plaintiff's negligence as well as defendants' are for the jury's resolution. Application of the rescue doctrine does not alter this general rule. All that is required is that such negligence, if any, be determined under the appropriate standard of care. See, e.g., *Walker Hauling Co. v. Johnson*, 110 Ga. App. at 625, supra.

*Judgment affirmed in part and reversed in part. Birdsong, C. J., and Deen, P. J., concur.*

DECIDED MARCH 24, 1988 —
REHEARING DENIED APRIL 4, 1988 —

*Richard H. Middleton, Jr., Eugene C. Brooks IV, Paul E. Morgenthal*, for appellants.
*Jordon D. Morrow, David R. Smith*, for appellees.