## 76518. FAGAN v. ATNALTA, INC.
### (376 SE2d 204)

BIRDSONG, Chief Judge.

Mitchell J. Fagan brought this tort action for injuries received while a patron at Atnalta's establishment, The Beer Mug, and appeals the grant of appellee's motion for summary judgment. On the evening of February 26, 1985, Fagan was one of a few customers in The Beer Mug, where he was dating the waitress. The bar was staffed by a female bartender, a female waitress, and a cook. Four customers were playing pool in an area adjacent to, but separate from, an area where Fagan was having a drink. An altercation occurred in the pool room area and the female bartender and waitress attempted to get those involved to leave via the back door. While both sides were still talking at the door, Fagan and another customer by the name of "Bob" gratuitously moved to a place behind the two women. The waitress went to call the police while the bartender tried to escort the belligerent customers outside. One of the men being forced to leave grabbed the bartender by the collar. Fagan grabbed the bartender from the rear to keep her from being pulled outside the bar. The men being forced to leave then turned their attention to the interloper and pulled him outside and administered a severe beating, even though "Bob" tried to assist him. The bartender was emphatic that she did not ask Fagan or Bob to assist her. She was asked if she was glad he was there and responded: "Not really 'cause if he hadn't have been there he wouldn't have gotten beat up so bad."

Appellant contends the defendant was negligent in failing to provide for the safety, security, and welfare of its patrons in the absence of security personnel or even a male employee, and that a history of assault incidents and violent patrons at the bar were evidence of a lack of care owed under OCGA § 51-3-1. Appellee argues that appellant had equal knowledge of the prior assaults and by voluntarily acting in view of his knowledge he assumed the risk incident to the known condition. Appellant knew The Beer Mug was staffed by the two women. He was aware of the prior incidents involving assaults and had been told of other assaults.

Although issues of negligence, lack of care in avoiding the negligence of others, lack of care for one's own safety, and assumption of the risk are ordinarily not susceptible to summary adjudication, either for or against the complainant (*Simmons v. Classic City Beverages*, 136 Ga. App. 150 (2) (220 SE2d 734)), "where the evidence shows clearly and palpably that the jury could reasonably draw but one conclusion" the issue of assumption of risk may be determined on summary judgment. *Union Carbide Corp. v. Holton*, 136 Ga. App. 726, 729 (222 SE2d 105); accord *Myers v. Boleman*, 151 Ga. App. 506, 508 (260 SE2d 359). The elements of assumption of risk are: (1) a

hazard or danger which is inconsistent with the safety of the invitee, (2) the invitee must know and appreciate the danger, and (3) there must be an acquiescence or willingness on the part of the invitees to proceed in spite of the danger. *Roberts v. King,* 102 Ga. App. 518, 521 (116 SE2d 885); accord *Abee v. Stone Mountain Mem. Assn.,* 169 Ga. App. 167, 169 (312 SE2d 142), aff'd 252 Ga. 465 (314 SE2d 444); *Kitchens v. Winter Co. Bldrs.,* 161 Ga. App. 701, 703 (289 SE2d 807).

Appellant was asked: "Q. . . . when you approached that group you knew, as you've already stated, that if a fight developed you and Bob would be in big trouble, as you're [sic] phrased it? A. Uh-huh (affirmative). Q. Is that yes? A. Yes. Q. And by big trouble you meant that you felt that you and Bob could be hurt if such a fight took place; is that fair to say? A. Yes." From appellant's own testimony, only one conclusion is permissible. He saw the situation, recognized the danger to himself, and voluntarily and deliberately thrust himself into the melee, without being asked.

" 'The business invitee on private premises assumes the risk of danger of which he knows about and fully comprehends, or which is sufficiently obvious. [Cit.]' 'That which a plaintiff may not do without barring himself from recovery is to accept a risk so obvious that taking it amounts to failure to exercise ordinary care for his own safety, [cit.], or recklessly to test an observed and clearly obvious peril, [cit.]' [Cit.] ' "A person cannot undertake to do an obviously dangerous thing . . . without himself being guilty of such lack of due care for his own safety as to bar him from recovery if he is injured. . . ." ' " *Holbrook v. Prescott,* 166 Ga. App. 588, 589 (305 SE2d 156); accord *Roberts v. Bradley,* 114 Ga. App. 262, 263 (150 SE2d 720); *Kreiss v. Allatoona Landing,* 108 Ga. App. 427, 437 (133 SE2d 602). Here, the appellant had a clear choice of alternative actions, stay out of the business of the management in expelling disorderly customers or voluntarily assist two female employees attempting to remove four rowdy male patrons from the premises. The appellant deliberately entered into a volatile confrontation between management and patrons. He saw the entire situation in front of him. He had the opportunity to measure the risk and testified that he was aware he would be in "big trouble" if a fight evolved from the confrontation. " ' "In the absence of anything to the contrary, every adult is presumed to possess such ordinary intelligence, judgment, and discretion as will enable him to appreciate obvious danger." ' " *Union Carbide,* supra at 731. Hence, an adult of ordinary intelligence will be held to be aware of manifest risk or danger of possible injury when he deliberately and voluntarily joins in an affray, as a matter of law. Id.; see also *Abee v. Stone Mountain Mem. Assn.,* 252 Ga. 465, 466, supra; *Lundy v. Stuhr,* 185 Ga. App. 72, 75 (363 SE2d 343); *Simmons,* supra at 155; *Christian v. Vargas,* 116 Ga. App. 359, 362 (157 SE2d 308); *Roberts,* supra.

Accordingly, only one conclusion is permissible, that is, appellant saw and recognized the risk, and deliberately interjected himself into the affray after the bartender was grabbed by a customer being ejected. Appellant obviously assumed the risk of injury by voluntarily confronting four rowdy customers being ejected from a bar by management.

We find the evidence clear and palpable that the appellant assumed the risk and the trial court did not err in granting summary judgment to appellee.

*Judgment affirmed. Banke, P. J., Carley, Sognier, Pope, and Benham, JJ., concur. Deen, P. J., McMurray, P. J., and Beasley, J., dissent.*

DEEN, Presiding Judge, dissenting.

"In the days of chivalry and knighthood, men of courage would joust for the love of a woman. Damsels in distress would be rescued by fearless knights. It was not only a duty, but an honor to give one's life for one in imminent danger.

"The times have changed, like all things, and civilization bellows that chivalry is lost and gone, of another era. The final imprimatur that chivalry is lost in civilization is the courts of our society interpreting the laws to approve of cowardice and strike down the actions of a gallant knight in modern times, for almost having lost his life, in the aid of a damsel in distress."

So begins the appellant's ardent and articulate impassioned brief in support of his motion for rehearing. While the appellant's nostalgic attitude appears to abandon the ancient adage that "virtue is its own reward" in favor of a suit for damages by a patron against "The Beer Mug," it nevertheless provokes reconsideration of our original decision in the appeal. Upon reconsideration, I am persuaded that the doctrine of rescue, as stated in *Lorie v. Standard Oil Co.*, 186 Ga. App. 753, 755 (368 SE2d 765) (1988), and *Flowers v. Slash Pine &c. Corp.*, 122 Ga. App. 254, 258 (176 SE2d 542) (1970), is applicable in this case and contraindicates summary judgment for the appellee. Compare this occurrence with *Ginn v. Renaldo, Inc.*, 183 Ga. App. 618, 620 (359 SE2d 390) (1987), where a patron, initially an invitee, subsequently became a trespasser, sustained injuries when someone slammed a door on his hand, and brought suit against the nightclub.

BEASLEY, Judge, dissenting.

I respectfully dissent.

1. The majority has decided this case upon an issue not within the contemplation of the parties or the trial court, which in any case should not have been decided as a matter of law and the issues upon which a determination was made below were properly for a jury.

Plaintiff claimed that defendant was negligent in failing to provide for the safety, security and welfare of its patrons in that the absence of security personnel or even a male employee, in soliciting violent patrons, and a history of assault incidents evidenced lack of care owed under OCGA § 51-3-1. During crowded times, normally on weekends, a uniformed policeman was present at closing and there were two bartenders, at least one being male, plus two or three waitresses. There were no fulltime security personnel.

Defendant urged that the record shows plaintiff had equal knowledge of the prior assaults. Therefore, it reasons, he cannot recover for injuries received when he went to the bar, even if defendant was negligent (which it denies). The trial court agreed and, in granting summary judgment, concluded as a matter of law that plaintiff's knowledge of the dangerous condition was at least equal to that of defendant so that by voluntarily going to the bar he is foreclosed from recovery.

Defendant did not argue, nor did the court rule, that there was "equal knowledge" insofar as the danger of becoming involved in the particular incident is concerned, or that in attempting to assist the bartender the patron assumed the risk of injury. The sole focus of defendant's position and the trial court's ruling is that plaintiff was equally aware of the conditions under which the bar operated and the risks created by them but assumed these risks by visiting the bar that night.

While at trial the burden of proof as to each element of negligence would be upon plaintiff, on motion for summary judgment the burden was upon defendant as movant to negate at least one of the essential elements. *Tolbert v. Tanner*, 180 Ga. App. 441, 444 (2b) (349 SE2d 463) (1986). " 'Summary judgment should be granted only in those cases where . . . undisputable, plain and palpable facts exist on which reasonable minds could not differ as to the conclusion to be reached.' " *Indian Trail Village v. Smith*, 139 Ga. App. 691, 693 (2) (229 SE2d 508) (1976). The evidence should be construed most favorably towards the party opposing the motion for summary judgment, who must be given the benefit of all reasonable doubts and favorable inferences. *Eiberger v. West*, 247 Ga. 767 (281 SE2d 148) (1981). Where there are issues of negligence, assumption of the risk, contributory negligence and comparative negligence, "it is necessary that such issues be resolved by a jury rather than by summary adjudication." *Ga. Power Co. v. Knighton*, 169 Ga. App. 416, 417 (312 SE2d 872) (1984). *Malvarez v. Ga. Power Co.*, 166 Ga. App. 498, 499 (2) (304 SE2d 542) (1983).

The majority takes that version of the proof most favorable to the movant. But a question is presented as to whether Fagan assumed the risk by the act of walking, slowly and quietly, across the floor to

the door of the establishment, standing there while the disturbance was taking place, remonstrating the rowdy customers to listen to the bartender who was trying to get them to leave and then merely interposing his arm around the bartender when she was grabbed.

The majority appears to hold that when one individual attempts to aid another, even in the most circumspect manner, assumption of the risk occurs as a matter of law. To the contrary, one acting to save another "will not be barred on the ground that he did not exercise ordinary care for his own safety or even that he assumed the risk of injury to himself unless his actions are so imprudent and beyond what a person in the same circumstances might be expected to do that they must be classified as reckless or wanton." *Lorie v. Standard Oil Co.*, 186 Ga. App. 753, 755 (368 SE2d 765) (1988). *Stevens v. Baggett*, 154 Ga. App. 317, 318 (1) (268 SE2d 370) (1980). "[T]he doctrine of rescue necessarily contemplates an assumption of the risk inherent in the peril created by the defendant's negligence and allows recovery for injuries thereby incurred, for the reason that the defendants were charged with the duty of anticipating that their negligence might attract rescuers who would necessarily have to assume the dangers inherent in the situation." *Flowers v. Slash Pine &c. Corp.*, 122 Ga. App. 254, 258 (4) (176 SE2d 542) (1970). *Walker Hauling Co. v. Johnson*, 110 Ga. App. 620, 624 (139 SE2d 496) (1964); *Blanchard v. Reliable Transfer Co.*, 71 Ga. App. 843, 845 (1) (32 SE2d 420) (1944).

This question should be determined by a jury after a trial where the facts are fully developed and the issues clearly drawn. Yet it is being precluded by an appellate decision on an issue neither raised, expressly or impliedly, by defendant nor considered by the trial court in making its ruling.

2. On the issues actually presented to this court, the grant of summary judgment should be reversed.

a. The basis for liability of the owner of property on which an invitee is injured is the superior knowledge by the owner of the existence of a condition which may subject the invitee to an unreasonable risk of harm. *Burdine v. Linquist*, 177 Ga. App. 545, 546 (340 SE2d 198) (1986); *McCoy v. Gay*, 165 Ga. App. 590, 591 (302 SE2d 130) (1983). Conversely, by acting with the same knowledge, plaintiff invitee assumes the risk and dangers incident to the known condition. *Pound v. Augusta Nat.*, 158 Ga. App. 166, 168 (279 SE2d 342) (1981).

Fagan was aware of some prior incidents at the Beer Mug, but there is no indication that he knew that they were numerous, nor did he know their extent or ferocity. On the other hand, police reports of calls to the premises and an affidavit of a former bartender of the Beer Mug substantiated that defendant had notice of the dangerous condition persisting. Whether plaintiff had equal knowledge of the danger of patronizing the bar that night is a jury question, because it

is not shown as a matter of law that he was "as aware of the danger as was the proprietor," *Clark v. Carla Gay Dress Co.*, 178 Ga. App. 157, 159 (342 SE2d 468) (1986), or that he had "as much knowledge as" the proprietor did, *Telligman v. Monumental Properties*, 161 Ga. App. 13, 14 (288 SE2d 846) (1982), when he chose to go to the premises.

Even if he had equal knowledge in the legal sense, the question remains whether plaintiff exercised ordinary care in going to the bar anyway. "If the plaintiff by ordinary care could have avoided the consequences to himself caused by the defendant's negligence, he is not entitled to recover." OCGA § 51-11-7. It is up to a jury to determine whether ordinary care would require not going to the bar. *Powell v. Barker*, 96 Ga. App. 592, 600 (3b) (101 SE2d 113) (1957). Thus the court erred in concluding as a matter of law that plaintiff assumed the risk and therefore was barred from recovery.

b. The final question is whether the evidence shows that defendant/movant has negated at least one of the essential elements of plaintiff's claim. *Tolbert v. Tanner*, supra. Defendant contends that there is no evidence of a dangerous condition of which it had knowledge.

This must be considered in the context of its legal duty. OCGA § 51-3-1 provides that the owner or occupier of land is liable to invitees for injuries caused by the owner's failure to exercise ordinary care in keeping the premises and approaches safe. In order to recover for a dangerous condition created by third persons, plaintiff must prove defendant knew, or should have known, of the condition. *Veterans Organization v. Potter*, 111 Ga. App. 201, 205 (2) (141 SE2d 230) (1965); *Holiday Inns v. Newton*, 157 Ga. App. 436, 437 (278 SE2d 85) (1981).

Ordinarily, an independent criminal act is treated as the proximate cause and insulates any negligence of the defendant. *Warner v. Arnold*, 133 Ga. App. 174, 176 (2) (210 SE2d 350) (1974), and cases cited therein. But where intervening criminal acts of third persons are foreseeable, that is, when defendant had reason to anticipate the criminal act, tort liability arises. *Bradley Center v. Wessner*, 250 Ga. 199, 202 (296 SE2d 693) (1982); *Atlantic C. L. R. Co. v. Godard*, 211 Ga. 373, 377 (1) (86 SE2d 311) (1955).

Because knowledge of danger by the occupier of the premises is a prerequisite to recovery, plaintiff must show notice by a substantially similar incident of which the occupier was aware. *Donaldson v. Olympic Health Spa*, 175 Ga. App. 258, 260 (2) (333 SE2d 98) (1985) [physical precedent]. It need only be "sufficient to attract the owner's attention to the dangerous condition which resulted in" the incident on trial. *Pembrook Mgt. v. Cossaboon*, 157 Ga. App. 675, 677 (3) (278 SE2d 100) (1981); *Bayshore Co. v. Pruitt*, 175 Ga. App. 679 (1) (334 SE2d 213) (1985).

Defendant insisted that the police reports do not involve substantially similar incidents and that the bartender was merely giving his opinion that the bar was a dangerous place and failed to furnish sufficient details of the alleged altercations. The affidavit alone shows that defendant did not carry its burden of proving as a matter of law there was no "defect" or knowledge of it.

The bartender's affidavit recited: that he was 6'4" tall and weighed between 240 and 250 pounds; that he witnessed over twenty altercations at the Beer Mug during his two-year employment; that on two separate occasions he was knocked or thrown to the ground, once he had ash trays and bar stools thrown at him necessitating medical treatment, and another time he had to pull a gun to get individuals out of the bar; that the management would not allow female employees to remain without a male accompanying them; that he barred some particularly rough troublemakers but was told by management that he was running off too many customers and they should be allowed back.

The next point is that it is not necessary that defendant should have anticipated the particular consequences which ensued as a result of plaintiff's patronizing the bar under the conditions it presented. "It is sufficient, if in ordinary prudence [it] might have foreseen that some injury would result from [its] act or omission, or that consequences of a generally injurious nature might result." *Williams v. Grier*, 196 Ga. 327, 337 (2) (26 SE2d 698) (1943). *Milton Bradley Co. v. Cooper*, 79 Ga. App. 302, 307 (53 SE2d 761) (1949).

There is evidence that defendant had reasonable grounds for apprehending that criminal assaults would be committed. *McClendon v. C & S Nat. Bank*, 155 Ga. App. 755, 756 (272 SE2d 592) (1980). "When the conduct of persons on the premises is such that the proprietor from known facts or circumstances should reasonably apprehend danger to other customers, it is his duty to interfere to prevent injury, and the failure to interfere when the proprietor has an opportunity to foresee and prevent injury may constitute negligence. [Cits.]" *Shockley v. Zayre of Atlanta*, 118 Ga. App. 672, 673-674 (165 SE2d 179) (1968). "The question of reasonable foreseeability and the statutory duty imposed by [OCGA § 51-3-1], to exercise ordinary care to protect the plaintiff in the circumstances . . . is for a jury's determination rather than summary adjudication." *Lay v. Munford*, 235 Ga. 340, 341 (219 SE2d 416) (1975).

The evidence thus far presented in the case, viewed in a light most favorable to plaintiff, does not demand a finding that defendant could not reasonably foresee the attack that occurred or that with such foresight it exercised the care required by OCGA § 51-3-1.

I am authorized to state that Presiding Judge McMurray joins in this dissent.

DECIDED NOVEMBER 3, 1988 —
REHEARING DENIED DECEMBER 5, 1988 —

*Davidson & Associates, William M. Davidson, Thomas P. Lenzer*, for appellant.
*Thomas E. Magill*, for appellee.