A94A2662. SEWELL v. DIXIE REGION SPORTS CAR CLUB OF AMERICA, INC.
(451 SE2d 489)

BLACKBURN, Judge.

Charlene P. Sewell, individually and as personal representative of the estate of Cecil L. Sewell, deceased, appeals the trial court's order granting Dixie Region Sports Car Club of America, Inc.'s (Dixie Region) motion for summary judgment. Sewell brought the underlying wrongful death and loss of consortium action to recover damages incurred as a result of the death of her husband.

The undisputed facts show that Sewell and her husband were at a Dixie Region Solo II[1] event at Bainbridge Industrial Airport to watch their son drive in the event. As the decedent was videotaping his son's performance, he was struck by a vehicle whose driver had lost control while participating in the event. Prior to the event, the decedent was told not to park in the area where he was eventually struck and killed. As the decedent attempted to park his car in that area, Michael Wright, told him, "We don't want anybody in this area." Furthermore, the decedent signed a release and waiver in which he assumed full responsibility for risk of bodily injury or death "while in or upon the RESTRICTED AREA, and/or while . . . observing . . . or for any purpose participating in such event." The restricted area was defined as "the area to which admission for the general public is prohibited, including but not limited to the PIT AREAS and racing surface, including walkways, concessions and other areas appurtenant to any area where any activity related to the event shall take place." The decedent acknowledged "that the activities of the

---

[1] A Solo II event is a non-speed driving skill contest in which an amateur driver navigates a course delineated by cones or pylons. They are run on short courses that emphasize car handling and agility rather than speed or power.

event [were] very dangerous and involve[d] the risk of serious injury and/or death and/or property damage."

1. Sewell alleged Dixie Region was grossly negligent[2] and reckless in the maintenance and operation of its race track, thereby causing her husband's death. Specifically, Sewell contends that Dixie Region was grossly negligent in that there was wet grass and mud adjacent to the course, there was considerable amounts of loose gravel on or adjacent to the course, there were no barriers between the course and the areas where spectators could view the event, there was nothing designating viewing areas or off-limit areas, there was insufficient crowd control, there were no warning signs posted, and two cars were allowed to negotiate the course at the same time.

Dixie Region asserts that the decedent assumed the risk of his actions. "The elements of assumption of risk are: (1) a hazard or danger which is inconsistent with the safety of the invitee, (2) the invitee must know and appreciate the danger, and (3) there must be an acquiescence or willingness on the part of the invitees to proceed in spite of the danger. [Cits.]" *Fagan v. Atnalta, Inc.*, 189 Ga. App. 460, 461 (376 SE2d 204) (1988). "[P]laintiff's assumption of the risk will bar his action even though there was wilful and wanton misconduct on defendant's part. [Cit.]" *Newman v. Collins*, 186 Ga. App. 595, 596 (367 SE2d 866) (1988).

Sewell argues that the doctrine of assumption of the risk does not apply herein because Sewell neither expressly nor impliedly assumed the risk of his injuries. However, "[i]n the absence of anything to the contrary, every adult is presumed to possess such ordinary intelligence, judgment, and discretion as will enable him to appreciate obvious danger." (Citation and punctuation omitted.) *Fagan*, supra at 461. The decedent had attended approximately twelve Solo II events, and one of those events was also located at the Bainbridge Industrial Airport. Sewell deposed that while attending one such previous event with her husband she witnessed her son's car spin out momentarily while trying to negotiate a slalom or turn. The decedent also acknowledged on the release that the activities of the event were dangerous. Furthermore, despite being told to leave the area and directed toward the area for spectators by another driver, the decedent returned to the area where he was struck.

"That which a plaintiff may not do without barring himself from recovery is to accept a risk so obvious that taking it amounts to failure to exercise ordinary care for his own safety, or recklessly to test an observed and clearly obvious peril. A person cannot undertake to

---

[2] Both parties agree that under Georgia law, a release does not bar a claim for gross negligence. See *Wade v. Watson*, 527 FSupp. 1049 (N.D. Ga. 1981).

do an obviously dangerous thing without himself being guilty of such lack of due care for his own safety as to bar him from recovery if he is injured." (Citations and punctuation omitted.) Id. at 461. See also *Tatum v. Clemones*, 105 Ga. App. 221, 225 (124 SE2d 425) (1962).

2. Sewell's loss of consortium claim is dependent on her husband's right to recover against Dixie Region, and because her husband assumed the risk of his actions, he cannot recover, and, therefore, the loss of consortium claim must also fail. See *Lovelace v. Figure Salon*, 179 Ga. App. 51 (345 SE2d 139) (1986).

3. Our holding in Division 1 renders Sewell's additional enumeration of error moot.

*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED NOVEMBER 29, 1994 —
RECONSIDERATION DENIED DECEMBER 13, 1994.

*Porter, Lehman & Chason, Thomas L. Lehman,* for appellant.
*Lord, Bissell & Brook, J. Robert Persons, Corliss L. Worford,* for appellee.